SARAH PEELER, ADM'X, v. ALFRED GUILKEY, ADM'R.

To constitute a valid parol gift, possession of the property must unquestionably accompany the gift.

See this case for instructions in reference to the statute of limitations, which were held correct and in strict accordance with the rule recognized by this court when this case was before it on a former appeal. (Guilkey, adm'r, v. Peeler, adm'x, 22 Tex. R., 663.)

If there were other aspects of the law appropriate to the facts not embraced in the charge, it was the duty of the appellant to have presented them to the court and invited its action upon them. Having failed to do so, she cannot complain that they were not brought to the attention of the jury.

APPEAL from Lavaca. Tried below before the Hon. Fielding Jones.

This case was formerly before the Supreme Court on appeal, and was reversed and remanded. (See 22 Tex. R., 663.)

On the second trial in the court below the pleadings were substantially the same as on the former trial.

The evidence introduced by the plaintiff was the same as reported, with the additional testimony of Elizabeth Guilkey, which had been excluded on the first trial. She deposed substantially that she knew the boy Nelson; that her sister Rebecca Guilkey claimed him as her property and exercised ownership over him up to her death; that witness had never heard Rebecca Guilkey admit that Nelson was the property of any body but herself; that Nelson was considered by all that knew any thing about the negro to be the property of Rebecca Guilkey; that James Peeler, when he started off to Western Texas, took the negro out of the possession of witness and carried him off with him.

G. B. Harris, whose testimony was excluded on the first trial, testified for defendant, that he knew the parties and the negroes in Eastern Texas; knew nothing about the gift of the negro; saw the negro in possession of Peeler during the year 1852 and up to the death of Rebecca Guilkey; that Rebecca Guilkey died leaving neither father nor mother, nor children, nor descendants; was never married; that the defendant was her sister; that the plain-

tiff was her brother; that she had two other sisters and one brother; that he never heard James Peeler claim the negro as his property in the presence of any one except his own family; do not know the other heirs of Rebecca Guilkey; that Peeler claimed the negro as his own; never heard him set up any claim in their presence; Peeler worked him on his own farm, and hired him out; directed, commanded and claimed him as his own property; witness saw no difference between his authority over this negro and any other that he, Peeler, had about him; Peeler brought the negro from Eastern Texas in the fall of 1853; he claimed and had possession of the negro at that time, and from that time until his death; that since his death his widow, the defendant, has claimed and had the negro in possession; witness never heard any of the family claim the negro until after the death of Peeler.

Parmelia Harris testified for defendant, that she had no interest in the result of the suit; that she had signed a release of any interest that she might have; that Rebecca Guilkey was her aunt, and defendant her brother; knew all the parties and the negro; witness had several communications with Rebecca Guilkey during the year 1852, and up to the time of her death, about James Peeler and the negro; during which time she, Rebecca, frequently said that she had given the negro Nelson to James Peeler; that he had done her many kindnesses; had taken care of her; had brought her and her property from Louisiana to Texas. Witness further testified that James Peeler married a sister of Rebecca; he managed her affairs and had possession of her negroes, together with Nelson, at the time of the conversations which witness had with her; Peeler had possession of the negro Nelson during the years 1850, '51 and '52, and up to the death of Rebecca, claiming the negro Nelson as his own property, to her knowledge. Peeler brought the negro to Western Texas about the month of September, 1853, and claimed and held him up to his death. The relations of Peeler never made any claim to the property until Peeler's death, who died in the spring of 1855.

The court charged the jury as follows: "You should carefully consider all the evidence offered and proved; you should find the facts. To constitute a valid parol gift it is necessary that the

possession of the property be given at the time of the gift; but if at the time of the gift, the possession of the property had already passed to the donee, it would not be necessary for the donor to regain the possession of the property in · order that the possession should pass at the precise time of the gift, if at the time of the gift the donee has full possession and control of the property.

" If you believe that there was a gift to James Peeler in his lifetime, then you should find for the defendant.

" The possession of one coparcener or tenant in common, would be the possession of the other, and the statute of limitation would not run unless there was open, notorious, exclusive, adverse possession. Direct notice of the adverse possession need not be brought home to the party, but the jury may presume notice from facts and circumstances. If you believe that the defendant now claiming and James Peeler have had two years possession, holding openly, notoriously and adversely, you should find for the defendant."

The jury found " for the plaintiff the value of the negro to be $1200, and assessed the hire at $175 per annum," and judgment was rendered accordingly.

The defendant moved for a new trial upon the ground " that the court erred in all that part of the charge touching the inability of one heir, or distributee, to plead the statute of limitations against another co-heir, or distributee, because of the inapplicability of the same. The intestate of the defendant having claimed and held possession of said negro Nelson in his own right for himself, and not in right of his wife, and the proof not showing any claim or possession by him in right of his wife, or that the wife as co-heir claimed or had possession of said negro, that the verdict of the jury was contrary to law and the evidence in the case. The gift of said negro by Rebecca Guilkey in her lifetime to James Peeler, together with the possession of the same having been proved positively by two unimpeached witnesses."

The motion was overruled and the defendant appealed.

*Mills & Batchelor*, for appellant.

*R. M. Tevis* and *John H. Robson,* for appellee.

MOORE, J.—To constitute a valid parol gift, possession of the property must unquestionably accompany the gift. If we take the most favorable view for the appellant, it will be admitted that the testimony on this branch of the case was conflicting. It was fairly submitted to the jury by the charge of the court, and their verdict must, therefore, be regarded as conclusive.

The instructions given by the court to the jury in respect to appellant's plea of the statute of limitations were correct, and in strict accordance with the rules recognized by this court when this case was before it on a former appeal. (Guilkey, adm'r, v. Peeler, adm'x, 22 Tex. R., 663.) And it cannot be denied that there was testimony before them from which the jury might have drawn their conclusion. If the negro belonged to Rebecca Guilkey at her death, the appellant's intestate in right of his wife was entitled to possession of him equally with the other heirs. The charge, therefore, in regard to the possession by one coparcener upon the rights of another was not, as is insisted, inapplicable to the facts of the case. If there were other aspects of the law appropriate to the facts not embraced in the charge, it was the duty of the appellant to have presented them to the court and invited its action upon them. Failing to do so, she can not complain that they were not brought to the attention of the jury. An inspection of the record, however, does not induce the belief that the substantial merits of the controversy between the parties was not fully covered by the instructions given by the court, or that the result attained is not that justly demanded by the entire law and facts of the case.

The judgment is affirmed.

                                        Judgment affirmed.