## C. R. Johns & Co. v. R. H. Brown.

(No. 734, Op. Book No. 2, p. 232.)

APPEAL from Travis County.    Opinion by QUINAN, J.

§ **1016.** *Partnership; change of, into corporation; lia-bility of old firm.*    The firm of C. R. Johns & Co. merged itself into a corporation, and afterwards made an assign-ment of their corporate assets for the benefit of their creditors.    Appellee Brown had been dealing with the firm for several years, and this suit was against the firm, not the corporation, to recover a balance of money due him which he had on deposit with the old firm.    The contest was whether the old firm, or the new firm, the corporation, was liable for the debt, and also whether the receipt by Brown of a portion of his debt from the corporation did not estop him from proceeding against the old firm for the balance.    *Held*, if, as seems to be conceded, Brown had dealt with Johns & Co. as partners, long before the act of incorporation, and continued to deal with them as such until the moment of their sus-pension, without knowledge, or the least circumstance to put him upon inquiry whether they had ceased to be partners, he could not be affected by any secret arrange-ment between the members of the firm by which they ceased to be a partnership and became a corporation.    As to him they were still partners, and responsible to him as such for the money he had deposited with them.    [Tudor v. White, 27 Tex. 584.]    It is not easy to perceive why their responsibility should be extinguished by his receipt of a portion of his debt from the assignee of the corpora-tion.    .    .    .    There was nothing inconsistent or repug-nant in the reception by Brown of a portion of his debt out of the corporation assets, and the preservation of his right to make the residue out of the partners.    He was not put to an election, for he placed himself under no obligation to release them as a condition upon which he would receive money from the assignee.    His case did

not differ materially from what it would have been had Johns & Co. formed a new partnership with other persons, who, as between themselves, had assumed the payment of the debts of the old concern. It could hardly be contended in such case that one who had received a payment from the new firm on account of his debt due by the old firm, thereby released his claim upon the old concern and agreed to look solely to the new partnership for its liquidation. The cases cited by appellant, viz.: Clay v. Smith, 3 Peters, 412, and Van Hook v. Whitlock, 26 Wend. 43, are essentially different from this case. In those cases it was virtually a part of the terms upon which dividends were paid that the personal liability should be thereby discharged. In this case there was no such discharge bargained for, understood or contemplated.

§ 1017. *Charge of court; instructions should be asked, when, etc.* If the instructions which were given were not so full as appellants thought they should have been, it was their duty to have supplied the deficiency by asking of the court additional charges. All those which they requested were given, and we must conclude that no further instructions were believed by them to be necessary to enable the jury to reach a proper conclusion on the issues before them. Under these circumstances, appellants have no right to complain, unless there was positive error in the instructions as given, or it appeared that some injury to appellants had resulted thereby. [Powell v. Haley, 28 Tex. 52; Peeler v. Guilkey, 27 Tex. 355; Berry v. Donley, 26 Tex. 737; Hardy v. De Leon, 5 Tex. 211.] A charge should be taken and construed as a whole, as it was read and delivered to the jury, and it is fair to presume that the jury did not overlook any portion of it, but gave due weight to it as a whole.

February 23, 1881.                 Affirmed.