JOHN S. HUMPHREYS ET AL. V. A. H. EDWARDS ET AL.

No. 425.—Decided May 15, 1896.

1. **Transfer of Certificate—Legal Title—Stale Demand.**

One who claims land by virtue of a valid transfer of the certificate and its location and survey, though patent issued to the heirs of the original grantee, has, as against such heirs, the legal title, and the doctrine of stale demand has no application to his claim.

2. **Limitation—Adverse Possession—Charge.**

In a suit for land by the heirs of a former owner, defendant, who acquired possession and claimed title under a conveyance from the widow of such former owner,

pleaded limitation. A charge which held that defense insufficient if the property was the homestead of the widow was erroneous in making that fact conclusive that her claim was not adverse to her husband's heirs. The question of limitation was one for the jury, upon a consideration of all the facts bearing on the adverse character of the possession.

### 3. Charge—Issues Ignored.

An instruction in a suit for the recovery of land, which directed a recovery by plaintiff if defendant's plea of limitation was not sustained, was erroneous when the defense presented other issues requiring submission to the jury.

### 4. Adverse Possession—Charge.

Where possession of land was taken by one interested therein, who acknowledged at the time the rights of others, tenants in common, the statute of limitations could not afterwards be set in operation without some open, notorious, hostile act, indicating an exclusive claim against them; but a charge requiring the giving of direct notice of such adverse claim was improper.

### 5. Practice in Supreme Court.

Where appellees, on the reversal and remanding of a cause by the Court of Civil Appeals, obtain a writ of error from the Supreme Court, alleging that the opinion of the former court practically settles the case, the Supreme Court, if it finds the decision of the Court of Civil Appeals correct, will affirm it so far as it reverses the judgment of the trial court and render judgment for defendants in error as required by Rev. Stats., 1895, art. 941.

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Rockwell County.

The suit was trespass to try title to certain land, located and surveyed in 1852, by virtue of a certificate granted to G. P. Humphreys, and patented to his heirs. M. J. Humphreys, one of the heirs, between 1874 and 1877 bought out the others, and in 1878 he married and, with his wife Christina, came from Indiana to Texas, where in the same year he died, living at the time upon a rented place, but having begun some improvements upon the land in question. The wife rented the place the same year to one King and returned to Indiana, and in 1872 she sold it to King, under whom the defendants in the suit claimed, the plaintiffs being the heirs of the deceased husband, M. J. Humphreys.

Defendants also claimed title under a sale of the certificate in 1851, before its location, by the administrator of the estate of the grantee, G. P. Humphries, and in reply to this claim plaintiffs interposed the plea of stale demand. They also relied upon pleas of limitation supported by proof of the possession of Mrs. Christine Humphreys and her grantees.

The opinion of the Supreme Court being substantially an adoption of the rulings of the Court of Civil Appeals and an approval of the grounds therefor, given in the opinion of that court, it has been thought necessary to publish that opinion here.

*Lee R. Stroud,* for plaintiff in error.—The outstanding title arose by sale of certificate before its location, the patent thereafter issuing, not to the purchaser nor to the original certificate holder, but direct to the Humphreys heirs and their heirs and assigns, conveyed to them legal title and the paramount equity remaining out of possession for forty-one years became a stale demand. League v. Rogan, 59 Texas, 427; Mays v.

Manning, 73 Texas, 43; Browning v. Pumphrey, 81 Texas, 163; Carlisle v. Hart, 27 Texas, 350; Howard v. Stubblefield, 79 Texas, 1; Abernathy v. Stone, 81 Texas, 434; Montgomery v. Noyes, 73 Texas, 210; Meyer v. Paxton, 14 S. W. Rep., 568; Herman v. Reynolds, 52 Texas, 395; Goode v. Jasper, 71 Texas, 51, which explains Satterwhite v. Rosser, 61 Texas, 172; also explains Martin v. Parker, 26 Texas, 253. See cases distinguished Abernathy v. Stone, 81 Texas, 434.

Acts which ordinarily amount to an ouster are not sufficient without some additional notice to start limitations against a co-tenant. While the word "ouster" may technically include the word notice, yet a jury would not so understand it, and it was proper for the court to charge that there must be "acts of such a character and under such claim as will give notice." The burden of proof was on appellants who pleaded limitations to show something that amounted to legal notice to the tenants in common before they could invoke the statutes of limitations. Phillipson v. Fling, 83 Texas, 583, bottom of page; Udell v. Peak, 70 Texas, 551. Notoriously claiming to own is not sufficient. Gilkey v. Peeler, 22 Texas, 663; Alexander v. Kennedy, 19 Texas, 488; Teal v. Terrell, 58 Texas, 262.

However adverse and however hostile the widow's possession, still her possession could not be inconsistent as meant by the statutes until a clear abandonment of what was avowed and understood to be her homestead, and the first clear act which would prove abandonment was her sale to King, January 31, 1882, less than ten years before filing of this suit, and the plea of ten years limitations could not have availed the defendants.

*R. E. Chandler* and *Word & Charleton*, for defendants in error, cited on stale demand. Lumber Co. v. Pinckard, 4 Texas Civ. App., 681; Martin v. Parker, 26 Texas, 253; Keyes v. Railway, 50 Texas, 174; Merriweather v. Kennard, 41 Texas, 282; Burkett & Murphy v. Scarborough, 59 Texas, 498; Capp v. Terry, 75 Texas, 403; Satterwhite v. Rosser, 61 Texas, 172, 173; Adams v. House, 61 Texas, 641; Hanner v. Moulton, 138 U. S., 486; Bell v. Warren, 39 Texas, 110; Cox v. Bray, 28 Texas, 260; Duren v. Railway, 86 Texas, 291; 70 Texas, 156; 73 Texas, 295; 5 Texas Civ. App., 207; 1 Posey's Texas U. C., 687.

Upon adverse possession they cited: Cryer v. Andrews, 11 Texas, 181; Alexander v. Kennedy, 19 Texas, 496; Gilkey v. Peeler, 22 Texas, 668-669; Church v. Waggoner, 78 Texas, 203; Buswell on Limitations, sec. 296; Freeman on Cotenancy, secs. 229-230; 3 Wash. Real Prop., 135; 27 Texas, 357; 4 Waite's Actions and Defenses, 178-9; 100 Am. Dec., 539; 90 Am. Dec., 453.

#### OPINION OF COURT OF CIVIL APPEALS.

LIGHTFOOT, CHIEF JUSTICE.—The statement of the case by appellants is adopted, as follows: This was an action of trespass to try title instituted by appellees, John S. Humphreys et al., against A. H. Ed-

wards et al., for 320 acres of the Geo. P. Humphreys survey of land.   Defendants specially answered and set up by metes and bounds the particular tract owned by each defendant, and respectively plead as to each defendant's particular tract, not guilty, and the three, five and ten years' statutes of limitation, and the suggestion of improvements in good faith. At a former term of the court the case was disposed of as to 120 acres of the land and as to defendants Runyon King and B. F. Keahey. The case as tried was for 200 acres of said survey, and tried only as to defendants W. I. and T. D. Lofland, A. H. Edwards and Ed Klutts.   May 16, 1894, judgment was rendered in favor of appellees against defendants W. I. Lofland and T. D. Lofland for an undivided interest of 67 11-14 acres out of 160 acres of land claimed by said Loflands, part of said two hundred-acre survey, and against defendant A. H. Edwards for an undivided interest of 8 5-14 acres out of a certain twenty-acre tract claimed by said Edwards in said Humphreys survey, and against defendant Ed Klutts for an undivided interest of 3 11-14 acres out of the said twenty acres in said survey claimed by said Klutts.   From this judgment defendants have appealed.

The first point which we deem it material to consider is presented by appellants under their eighth and ninth assignments of error, which are as follows:

8.   "The court erred in that part of its charge which is as follows: 'You are charged that defendants' claim of an outstanding title, through their alleged purchase of the Geo. P. Humphreys land certificate at an administrator's sale in Upshur County, Texas, is a stale demand, and defendants cannot recover under their said title,' and in refusing to give defendants' special charge No. 1."

9.   "The court erred in refusing to give defendants' special charge No. 2"

The special charge No. 1, as requested by the appellants, was as follows: "The jury are charged that, if you believe from the facts and circumstances introduced in evidence in this case that there was an administration on the estate of Geo. P. Humphreys, deceased, in Upshur County; and that the administrator applied to the Upshur County Probate Court and obtained an order of sale to sell the Geo. P. Humphreys land certificate, and said sale was made and reported to and approved by said court; and that at said sale David Stinson became the purchaser of said certificate; and that said Stinson sold and conveyed the certificate to Thomas Heath; and if the jury believe that Thomas Heath had said certificate located on the land in suit, and had the survey made, and caused the field notes to be sent to the General Land Office; then the jury are charged that Thomas Heath had such a title to the land that stale demand would not apply; and are further instructed that such title would be a superior outstanding title to any title acquired by the heirs of Geo. P. Humphreys, deceased, under the patent; and if the defendants have purchased the Heath title then they are entitled to recover, and the jury should find for the defendants against all of the plaintiffs." This charge was refused.

Charge No. 2, as requested by appellants, was as follows: "If you believe from the evidence that after the death of Geo. P. Humphreys his estate was regularly administered in the Probate Court of Upshur County, Texas, and that in the course of said administration an order of sale was applied for and granted the administrator to sell the land certificate, by virtue of which the land in dispute was located; and that a sale thereof was regularly made by said administrator under said order of sale; and that at said sale David Stinson became and was the purchaser of said land certificate; and that he paid a valuable consideration therefor; and that said sale was duly confirmed by said Probate Court, and said certificate was thereupon delivered to said David Stinson; and that he or his vendees procured the same to be located on the land in controversy, and secured the patent to said land in the name of the heirs of Geo. P. Humphreys,—you are charged that the right of said David Stinson and those holding under him to the land patented by virtue of said certificate was a legal right, and that stale demand would not run against same, and their legal right thereto could only be barred by a peaceable and adverse possession of the land on the part of the Humphreys heirs, or some one for them, for such a length of time and under such circumstances as would be required by the statute of limitation to bar a legal title, as the same may be defined in the general charge of the court. You are further charged that a sale of the certificate by the administrator of Geo. P. Humphreys' estate, and the orders of the Probate Court directing and confirming such sale, may be established by circumstantial evidence, if you believe the records of said Probate Court pertaining to said sale had been lost or destroyed."

The above charges were refused, and the court in lieu thereof gave the charge as set out, in substance, in the eighth assignment of error above. There was some testimony in the record tending to show that the land certificate was sold at administrator's sale in Upshur County under the administration of the Geo. P. Humphreys estate in June, 1851. It was for the jury to determine from said testimony, when submitted to them under a fair charge of the court, whether there was a valid sale and confirmation of sale, so as to transfer to the purchaser a valid title to the land certificate. If there was, and then such certificate was located by the purchaser upon the land in controversy, even though the patent should subsequently be issued in the name of Geo. P. Humphreys, the original grantee, or his heirs, the superior title would enure to the benefit of the purchasers of such certificate, and their vendees.

We cannot undertake now to pass upon the sufficiency of these facts to establish such sale, location and subsequent ownership. That question is one for the jury to pass upon. But the above charge of the court as given was clearly erroneous. Special charges Nos. 1 and 2 requested by appellants' counsel, while they announce correct principles of law, and while they were sufficient to call the attention of the court to the propositions therein contended for, should be more carefully guarded, so as not to charge upon the weight of the evidence. Satterwhite v. Rosser, 61

Texas, 172; Adams v. House, 61 Texas, 641; Capp v. Terry, 75 Texas, 403; Goode v. Lowery, 70 Texas, 156; Peterson v. Ward, 5 Texas Civ. App., 208; Duren v. Railway, 86 Texas, 291.

In the case of Adams v. House, above, our Supreme Court, in considering the effect of a valid transfer and location of the land certificate, as against the rights of the original grantor or his heirs under a patent subsequently issued, said: "The patents which issued to DeCordova in February, 1857, had the effect, by reason of the fact of his previously conveying the land described in them to Considerant, to invest Considerant, eo instanti, at the moment of their issuance, with the legal title to the locus in quo."

In the case of Satterwhite v. Rosser, above, Judge Stayton said: "In this class of cases the patent, when issued, if in the name of the original grantee, enures to the benefit of the assignee; he acquires the legal title by estoppel."

"This, we believe, is the true doctrine, unless by some means, as by a subsequent sale by the original grantee of the certificate to a stranger who has no notice of the first sale, or some like case, some right or equity in favor of some third party may possibly grow up."

In the case of Duren v. Railway, above, Judge Gaines said: "Our statutes give a party claiming land under a valid certificate, location and survey, the right to maintain an action at law for its recovery, by proof of such title.   Rev. Stats., arts. 4745, 4746.   This is a clear legal right to which the plea of stale demand cannot be interposed."

In this case it is clear that the doctrine of stale demand cannot have any application to the defendants' claim under the Geo. P. Humphreys certificate and sale and location thereunder, if it should be found that such sale was properly made and confirmed.

2.   Appellants' fourth assignment of error is as follows:  "The court erred in that part of its charge which is as follows: 'If you believe from the evidence that the land here sued for was, at the time of the death of M. J. Humphreys, the homestead of said Humphreys and his wife, Christiana Humphreys, and that said premises continued to be her homestead after the death of her said husband and until she conveyed same to Runyon King by deed of January 31, 1882, then defendants' plea of ten years' limitation is not sustained, and you will find for the plaintiffs one-half of the land in controversy.' "

There was sufficient evidence tending to show that the land in controversy was the homestead of Christina Humphreys to allow that issue to go to the jury; but the section of the charge in which the jury are told, "then defendants' plea of ten years' limitation is not sustained, and you will find for the plaintiffs one-half of the land in controversy"—was clearly erroneous; for two reasons—(1) Because the court undertook to determine, itself, upon the question of limitation, if it was Christina Humphreys' homestead, instead of allowing that issue to be determined by the jury; and (2) The instruction to find for plaintiffs one-half of the land in controversy, was, in effect, taking away from the jury every other

issue in the case except that arising upon the ten years statute, and was virtually an instruction to the jury that, if they should find that the land was the homestead of Christina Humphreys, they must necessarily find for the plaintiffs one-half of the land in controversy.

3. Under appellants' seventh assignment of error they complain that the court gave the following instruction requested by the plaintiffs below, to-wit: "The jury is here charged that if they believe from the evidence that after the death of M. J. Humphreys his widow assumed the sole and full possession of the 202 acres of land in controversy, and at the time of assuming such control she acknowledged the interest of plaintiffs, as heirs of her deceased husband, then no limitation would begin to run in her favor because of her entire control, until she in some way gave notice to plaintiffs that their interest in the land was denied by her; and the burden of proof in such case would be upon the defendants pleading ten years limitation to show—first: That such widow then in possession claimed the entire title as against plaintiffs; and, second, to show that a knowledge was brought home to plaintiffs that she claimed the entire title as against them, and in the absence of such, defendants could not recover on their plea of ten years' limitation."

It was claimed by the appellees that M. J. Humphreys, as the heir of Geo. P. Humphreys, deceased, acquired all the land; that at his death he left his widow, who was entitled to the use of the property as her homestead, and that appellees, as heirs, were entitled to a portion of it. They claimed that the possession of the land by the widow as her homestead was not adverse, and that neither she nor a tenant holding under her could set the statute of limitation in motion against them without some open, notorious hostile act, indicating an exclusive claim as against them.

This far, the idea presented in the charge would be proper; but if it should be conceded from the wording of the charge that it was necessary to bring home to them direct notice of her adverse claim it would be erroneous.

As the case must be reversed and remanded upon other grounds, we would suggest that this charge should be so modified as to present these views plainly, without leaving it open to the interpretation that, actual, direct notice is required. Cryer v. Andrews, 11 Texas, 181; Alexander v. Kennedy, 19 Texas, 496; Gilkey v. Peeler, 22 Texas, 668; same case, 27 Texas, 355; Church v. Waggoner, 78 Texas, 203.

4. Under the first assignment of error appellants claim that the court in its charge assumed that the plaintiffs were all of the heirs of Geo. P. Humphreys and M. J. Humphreys, both deceased, when they claim that, in fact, Isaac T. Humphreys was a brother of Geo. P. Humphreys, and that he left a widow at his death, and there is no proof as to her death, or who are her heirs, if any.

It would be useless for us to consider this question now, as the matters therein suggested may be overcome on another trial.

The other assignments of error presented by appellants are not believed to be such as will probably arise on another trial.

For the errors indicated the judgment is reversed and the cause remanded.

Delivered February 8, 1896.

<div align="center">OPINION OF SUPREME COURT..</div>

GAINES, CHIEF JUSTICE.—This is a writ of error to a judgment which reversed the judgment of the trial court and remanded the cause. In order to give this court jurisdiction, it was alleged in the petition for the writ of error that the decision of the Court of Civil Appeals practically settles the case. We have carefully examined the case and have found no error in the rulings of that court. We refer to the able opinion of the Chief Justice who spoke for the court for the grounds upon which our conclusions are based.

When we acquire jurisdiction of a reversed and remanded case upon the allegation that the decision of the Court of Civil Appeals practically settles the case, and we affirm the decision of that court, the statute requires us to render final judgment in accordance with that decision. Rev. Stat. 1895, art. 941. That is to say, this court must affirm the judgment of the Court of Civil Appeals in so far as it reverses the judgment of the trial court, and render judgment against the plaintiffs in error, so as finally to settle the case.

Accordingly the judgment of the Court of Civil Appeals, in so far as it reverses the judgment of the District Court, is affirmed, but in so far as it remands the cause it is set aside, and judgment is here rendered that plaintiffs in error take nothing by their suit, and that defendants in error go hence without day with their costs.

<div align="center">

*Judgment of Court of Civil Appeals affirmed.*

*Judgment of District Court reversed and rendered.*