**BARRETT et al. v. CRUMP. (No. 774.)**

Court of Civil Appeals of Texas. Waco.
March 14, 1929.

Spencer, Rogers & Lewis, of San Antonio, for appellants.

Taylor, Atkinson & Farmer and Aubrey Morris, all of Waco, for appellee.

GALLAGHER, C. J. This suit was instituted by Mrs. M. E. Crump, appellee herein, against G. D. Barrett and Mrs. Rebecca Lewis, a feme sole, appellants herein, in form of trespass to try title to 131.77 acres of land situated in McLennan county. Appellee's petition, in addition to a formal count in trespass to try title, contained allegations that title had been acquired by appellee under the several statutes of limitation applicable in suits to recover land. By an amended petition, apparently in reply to contentions asserted by appellants, appellee, expressly reserving her rights under her former pleadings, which were repeated therein, alleged in the alternative only that she was seized and possessed for and during her natural life of an undivided one-third interest in and to a certain 400-acre tract of land, of which the land sued for by her herein constituted a part.

Appellants pleaded not guilty. They also pleaded specially that they owned the fee-simple title in and to the tract of land sued for by appellee, subject only to a life estate therein which they admitted was vested in her. They further alleged that appellee was in possession of the land sued for as such life tenant, and expressly admitted her right to such possession. They further alleged that they were the joint owners of the fee-simple title to said 400-acre tract of land; that the land sued for by appellee was a part of said tract; that said 400-acre tract was formerly the property of their deceased father, David M. Barrett; that appellee was the widow of said Barrett and their mother; that said Barrett and appellee resided on said tract and were using and occupying the same as a home at the time of his death; that said Barrett left surviving him as his only heirs his said wife and these appellants, who were the only children of said marriage; that appellee and appellants resided on said tract of land until appellants reached their majority; that said tract of land was then subdivided into three separate tracts approximately equal in quantity; that the tract sued for by appellee was the one on which the home was situated, and

that the same was set aside to appellee as her life estate in said entire 400-acre tract; that one of the remaining tracts resulting from said subdivision was set aside to appellant Barrett and the other to appellant Mrs. Lewis; that they took immediate possession of their respective tracts and had held continuous possession of the same, respectively, to the time of the trial. They also, in connection with said allegations, pleaded absolute title in and to the respective tracts held by them under and by virtue of the several statutes of limitation. Appellee's pleadings contain other allegations sufficient to raise all the issues involved in this appeal, except the contention of appellant Barrett that he was a minor at the time of the subdivision of said 400-acre tract.

There was a trial by jury on special issues, in response to which the jury returned findings, in substance, as follows:

(1) That appellee and appellants, about the year 1897, entered into an agreement to divide said 400-acre tract of land into three equal parts, and that each of them should have the entire title to one of such parts.

(2) That appellant Barrett, after arriving at the age of 21 years, acquiesced in the terms and conditions of the agreement so made by him as to a division of said 400-acre tract of land.

(3) That appellee has claimed the entire title to the 131.77 acres of land upon which she lives and for which she here sues for a period of 10 years or more next preceding the filing of this suit, as against both of appellants.

(4) That appellant Barrett for a period of 10 years or more next preceding the filing of this suit has had knowledge that appellee claimed the entire title to said 131.77 acres of land.

(5) That appellant Mrs. Lewis for a period of 10 years or more next preceding the filing of this suit has had knowledge that appellee claimed the entire title to said 131.77 acres of land.

(6) That appellee has had peaceable and adverse possession of said 131.77 acres of land for a period of 10 years next preceding the filing of this suit.

(7) That appellee after the oral agreement above stated, upon the faith thereof, made valuable and permanent improvements on the land sued for which was allotted to her thereby.

(8) That said improvements were made with the knowledge or consent of appellant Mrs. Lewis.

(9) That said improvements were made with the knowledge or consent of appellant Barrett.

The court entered judgment that appellee have and recover of and from appellants the title and possession of the 131.77 acres of land sued for. Appellants by this appeal present said judgment for review.

## Opinion.

Appellants by their first proposition present the contention that, since the agreement found by the jury to have been made in the year 1897 between appellee and appellants to divide the 400-acre tract into three equal parts, was oral, the legal effect of their action in executing the same by so dividing said land and by taking and holding possession of the parts allotted to each of them, respectively, was merely to set aside to appellee her homestead and life estate in the entire 400-acre tract, and that such action was ineffective to vest in her the entire title or fee to the 131.77-acre tract allotted to her. They support said major contention by further propositions, in which they contend that, since no deed conveying said 131.77-acre tract to appellee was executed and delivered by them, the vesting by virtue of such agreement of the fee-simple title in her was inhibited by the statute of frauds; that such agreement was ineffective as to appellant Barrett, because he was a minor at that time; and that such agreement was ineffective as to appellant Mrs. Lewis, because she was a married woman at that time.

Said 400-acre tract was the property of David M. Barrett. He together with his wife and said two children used and occupied the same as a home until his death, which occurred in the year 1878. Appellee married Madison Crump, now deceased, on January 14, 1880. From the death of David M. Barrett until some time during the year 1897, the date of the agreement for the division of said 400-acre tract found by the jury to have been made, appellee and her family continued to use and occupy said entire tract as a homestead. At the time of said agreement her family consisted of appellant Barrett, her said second husband, and their nine children born of their marriage. Under the Constitution and laws of this state, she was entitled on partition of said 400-acre tract to have set aside to her out of the same 200 acres, including the improvements, as a homestead. Such homestead would not have been subject to partition between her and her children by her first husband so long as she saw fit to use and occupy the same as a home. She was also entitled as heir at law of her deceased husband to a life estate in 133⅓ acres of said 400-acre tract to be apportioned to her and included in her homestead exemption regardless of continued use and occupancy thereof as a home. Haley v. Hail (Tex. Civ. App.) 135 S. W. 663, 664 (writ refused). There was, therefore, at the time of such agreement and division only 200 acres of said tract subject to immediate partition and distribution between appellants. Appellants were of course each entitled to the immediate possession and use of 100 acres of such excess over the homestead, and to such acreage only. Mrs. Lewis and her husband, some

time during the year 1897, demanded a partition or division of said 400-acre tract. The jury found that it was agreed between appellee and appellants that said tract should be divided into three equal parts, and that each of them should have the entire title to one of such parts. The land was so divided, and appellee surrendered, free from any further claim on her part to the use and occupancy thereof, a little over 134 acres to each of the appellants herein. They each therefore received immediate possession and use of 34 acres of land more than they were entitled to but for said agreement. They pleaded that they took possession of the tracts allotted to them, respectively, and that they had had and enjoyed the absolute control, use, and revenues thereof to the time of trial. They also asserted their right thereto against any and all claims of appellee under and by virtue of our statutes of limitation. Appellee, in accordance with the terms of said agreement, accepted an allotment of only 131.77 acres. This was a little less than two-thirds of the homestead acreage she was entitled to occupy, use, and enjoy as surviving widow of her deceased husband, David M. Barrett. In consideration of this diminution of her holding and the consequent enlargement of the holdings of appellants, respectively, according to the agreement found by the jury, she was to have the entire or fee-simple title to the tract so allotted to her. She has used and occupied said tract, claiming the entire fee-simple title thereto, ever since that time. She by the consummation of said agreement, paid or delivered to appellants, and they received from her, the full consideration agreed upon for the entire title to the tract so allotted to her. Such consideration was unquestionably valuable. They have enjoyed the possession, use, and revenues of such additional acreage allotted to them, respectively, under and by virtue of said agreement for more than 30 years. They sought on trial of the cause to avoid the effect of such agreement by denying that the same was ever made, that appellee ever claimed thereunder, and by their respective claims of disability. The jury accepted appellee's version of the facts, and rejected theirs. When the purchaser under a parol agreement, who has paid the entire consideration, takes or retains possession of the land purchased, and makes valuable and permanent improvements thereon with the consent of the vendor, the sale is taken out of the operation of the statute of frauds, and the purchaser, so far as the transaction is affected by such statute, is entitled to specific performance. Hooks v. Bridgewater, 111 Tex. 122, 126, 127, 229 S. W. 1114 (15 A. L. R. 216); Ward v. Etier, 113 Tex. 83, 91, 251 S. W. 1028; Robinson v. Davenport, 40 Tex. 334, 342; Hunt v. Evans (Tex. Civ. App.) 233 S. W. 854, 858, par. 11 (writ refused); Texas Pac. Coal & Oil Co. v. Hamil (Tex. Civ. App.) 238 S. W. 672, 676, 677 (writ refused). The jury found that appellee, with the knowledge or consent of appellants and each of them, had made valuable and permanent improvements on the tract of land so allotted to her, upon the faith of said agreement. The evidence sustains said findings. Appellants cannot invoke the statute of frauds (Rev. St. 1925, art. 3995) to defeat appellee's claim to the entire or fee-simple title to said tract of land.

Appellants alleged that the partition or division of the 400-acre tract occurred after they had reached their majority. The evidence showed, however, that appellant Barrett was between 19 and 20 years of age at that time. Appellee testified that appellants at the time of said agreement and division promised to make her a deed to the tract allotted to her. While such promise, if made, was never performed, the agreement was otherwise fully executed. Appellee surrendered to appellants the tracts allotted to them, respectively, and restricted her possession to the tract allotted to her. Appellant Barrett took immediate possession of the tract allotted to him, and has had absolute control of the same, and the sole use and enjoyment thereof ever since. More than 30 years have elapsed since appellee delivered possession thereof to him. By his pleadings he repudiates any and every kind of claim thereto on the part of appellee. He has during all said years enjoyed the possession of, and the income and revenues from, 34 acres of land, to which he became entitled solely by virtue of said agreement. The jury found that after attaining his majority he acquiesced in the terms and conditions of said agreement. He cannot at this time still retain the benefits which accrued to him under such agreement, and deny the rights conferred on appellee thereby, merely because at the time such agreement was made he lacked a year or a little over of having attained his majority.

Appellant Mrs. Lewis was a married woman at the time of said agreement. Her coverture continued until the death of her husband in August, 1927. She contends that said agreement was, on account of her coverture, ineffective to divest her of her interest in, or title to, the tract of land in controversy. Our courts have frequently held that a married woman can convey title to her lands to another only in the manner prescribed by the statute. They have further held that the fact, that a married woman has received the consideration for a void sale and does not offer to return the same, is no bar to her recovery of the land so sold. Cauble v. Worsham, 96 Tex. 86, 93, 70 S. W. 737 (97 Am. St. Rep. 871); Daniel v. Mason, 90 Tex. 240, 244, 38 S. W. 161 (59 Am. St. Rep. 815). We need not determine whether, as contended by appellee, the facts in this case

take it out of the rule so announced, since our holding on the issue of limitation controls the disposition of this appeal.

Appellants contend that appellee's possession of the tract in controversy was not adverse. Appellee held possession of the entire 400-acre tract from the death of her husband, David M. Barrett, until the agreement of 1897, as his surviving wife. When under the terms of said agreement she surrendered two-thirds thereof to appellants and accepted one-third thereof as her entire interest therein, such surrender was on the specific stipulation that she should have the entire or fee-simple title to the tract retained by her. The jury found that appellee for a period of 10 years or more next preceding the filing of this suit had claimed the entire title to said tract against appellants, and that each of them knew of such claim. The jury further found that appellee had had peaceable and adverse possession of such tract for said length of time. There is affirmative evidence to support such findings. So long as appellee claimed and held possession under her right to homestead and life estate in one-third of the excess, such possession was not adverse to appellants as remaindermen. After the oral agreement and the subsequent division and allotment thereunder of separate tracts to the respective parties, she claimed the entire title to the tract allotted to her. Such claim was based on rights acquired by such agreement, division, and allotment. Such claim was necessarily inconsistent with a claim of homestead and life estate interests only, and was an implied, if not an express, renunciation of such limited claims. A specific declaration of such abandonment or renunciation was not necessary. When notice of such larger claim was brought home to appellants, her possession became adverse, and the statute of limitation began to run. Humphreys v. Edwards, 89 Tex. 512, 36 S. W. 333, 335, affirmed 89 Tex. 512, 36 S. W. page 434; Crump v. Andress (Tex. Com. App.) 278 S. W. 422, 423, 424, pars. 1 and 2, and authorities there cited; Tillotson v. Hill (Tex. Civ. App.) 297 S. W. 603, 606, par. 2.

Appellants rely in support of their contention on the fact that appellee in her amended petition pleaded in the alternative that, in event her right to the entire title to the tract sued for was denied, her right to a life estate in the entire 400-acre tract be established, and that such tract be partitioned and her interest therein set aside to her. Appellants in their answer denied that the agreement relied on by appellee was ever made. They also denied the validity thereof. Each of them also alleged personal grounds for avoiding the same. They also denied that appellee had ever claimed title to said tract in fee, and that they had ever heard of such a claim by her. They also expressly admitted that appellee was vested with a life estate in said tract and disavowed any intention of disturbing her in the enjoyment of the same. Such alternative plea merely met the issues tendered by appellants in event the jury adopted their version of the facts. There is another reason why such pleading on the part of appellee could not in itself defeat her claim that her possession of the tract sued for was adverse. Such plea appeared for the first time in her amended petition filed several months after the institution of this suit. She alleged, and the jury found, that she had peaceable and adverse possession of said tract for more than 10 years next preceding such filing. By such adverse possession, under the express provision of article 5513 of our Revised Statutes, she acquired full title to such tract. Such title could not be forfeited nor divested by the assertion of such alternative claim.

Appellant Mrs. Lewis claims that limitation did not run against her on account of her coverture, which continued from the inception of appellee's claim to the entire title to said tract until shortly before the filing of this suit. She cites Revised Statutes, art. 5535; Deaton v. Rush, 113 Tex. 176, 252 S. W. 1025, 1032, and Thomason v. McEntire (Tex. Civ. App.) 233 S. W. 616, 621, par. 5, in support of this contention. The article cited exempts married women from the bar of limitation only in personal actions. Only married women under 21 years of age are included in Revised Statutes, art. 5518, which enumerates the classes entitled to claim exemption from such bar in suits for the possession and title to land. The court, in Deaton v. Rush, merely held that a married woman was not subject to such bar in suing for the cancellation of a deed. They further held that such cancellation was a prerequisite to her right to recover the land sued for in that case, and that limitation did not begin to run against her right to sue for such recovery until such cancellation was decreed. The only issue involved in Thomason v. McEntire was the cancellation of a certain oil and gas lease as a cloud upon the title to the homestead. The coverture of Mrs. Lewis did not prevent the running of the statute of limitation against her.

The judgment of the trial court is affirmed.