**CLEAVER et al. v. KNIGHTON.**

No. 3436.

Court of Civil Appeals of Texas. Beaumont.

April 6, 1939.

P. A. Sanders, of Nacogdoches, for appellants.

Adams & McAlister, of Nacogdoches, for appellee.

WALKER, Chief Justice.

This suit was filed by appellants, A. G. Cleaver et al., against appellee, Joe R. Knighton, and others, to partition a tract of thirty-one (31) acres of land, a part of the Isaac Lee Survey, about one mile S. E. from the City of Nacogdoches. Appellee answered by pleas of the statutes of limitations of three and five years, claiming that portion of the thirty-one (31) acres alleged by him to be four (4) acres "as is fenced on the ground," and disclaiming "any interest in and to the said thirty-one (31) acres except that which is fenced by the defendant." The answers of the other defendants present no issue on this appeal.

The trial was to the court without a jury. The appeal was perfected from the judgment of the lower court awarding appellee, on his plea of five years limitation, "the lands which he has under fence and has had since its purchase from Henry Fitch."

As a fact issue, was appellee's claim, under the statute of limitation of five years, hostile to the claim of appellants?

The thirty-one (31) acres of land in controversy was devised by Emsley (Ems) Burrow, dec'd, to his wife, Julia Ann Burrow, for her life, with remainder to his five children, appellants and those claiming under them. The will was duly probated on the 17th day of July, 1893. To effectuate the will, the widow and the children joined in a partition deed whereby the thirty-one (31) acres was granted to her "to have and to hold during her natural life only." Subsequently she married Will Thorn; she died on the 1st day of October, 1936.

By warranty deed duly executed on the 4th day of October, 1905, Julia Ann Thorn —Julia Ann Burrow—joined by her husband conveyed to J. N. Thomas two acres out of the thirty-one (31) acres, describing it by metes and bounds, and as "all our right, title and interest we have in two acres," and as "being a part of thirty-one (31) acres willed to me, the said Julia Ann Thorn, by my former husband Emsley Burrow deceased to be held and used by me during my life." By warranty deed dated the 29th day of January, 1906, J. N. Thomas conveyed to H. Fitch the two acres of land conveyed to him by Julia Ann Thorn and her husband, describing it as a part of the thirty-one acres, and by the same description by which it was con-

veyed to him, and by reference to his deed from the Thorns; by this deed Thomas conveyed to H. Fitch the following additional interest in the thirty-one (31) acres: "Also an undivided interest of one acres in the said 31 acres of land above mentioned said three acres conveyed to me by the heirs of Emsley Burrow by several deeds dated on different dates in the years 1904 and 1905."

By warranty deed dated the 15th day of July, 1913, H. Fitch conveyed to T. E. Thrash the land conveyed to him by J. N. Thomas, describing the land as: "All that certain two tracts of land situated about one mile S E of the Public Square of the City of Nacogdoches in Nacogdoches County, Texas on the Isaac Lee Labor of land, and being a part of 31 acres willed by Emsley Burrow to Julia Burrow wife of said Emsley Burrow during her life. One tract is bounded as follows: Beginning in the N W line of said 31 acres in the Shawnee road and the S W cor of 10 acres owned by Henry Burrow from which a Pine 24 in brs N 87 E 6.4 vs; thence N 41½ E with said N W Line 160 vs to a corner from which a Swt Gum 14 in brs S 45 E 3.2 vs; thence S 16 E 75 vs to a stake for corner in field; thence S 41½ W 160 varas to a corner in said road; thence N 16 W with said road 75 varas to the beginning, containing two acres of land. Also an undivided interest of one acre more or less in said 31 acres of land above described & mentioned, being the same three acres of land conveyed to me the said H Fitch by J N Thomas by Deed dated Jany 29th 1906 which is recorded in Vol 54 on page 584 of the deed Records of said County. Also we hereby convey all the machinery on said three acres of land consisting of a Mill fixtures &c."

By warranty deed dated the 3rd day of December, 1914, Thrash conveyed to E. H. Blount the land conveyed to him by H. Fitch, describing it "as a part of the thirty-one (31) acres willed by Emsley Burrow to Julia Ann Burrow;" reference was made to the record of his deed, volume and page, from H. Fitch for a full description of the land conveyed. By warranty deed dated the 3rd day of December, 1914, E. H. Blount conveyed to H. Fitch the land conveyed to him by T. E. Thrash, referring to the deed from H. Fitch to T. E. Thrash and its record, volume and page, "for a full and complete description of said land." By warranty deed dated the 27th day of

September, 1918, H. Fitch conveyed to J. B. Fitch the land conveyed to him by E. H. Blount, describing it as:

"All that certain tract or parcel of land described as follows: Situated about one mile S E From the Public Square of the City of Nacogdoches, on the Isaac Lee Survey, and thus described:

"Beginning in the Shawnee Road where the North line of 31 acres willed to Julia Thorn by her husband Ems Burrow, deceased, crossed said road, and at the S W Cor of 10 acres owned by Henry Bell fr wh a Pine 24 in brs N 87 E 6.4 vrs; thence N 41½ E with the line of said 10 acres 160 vrs to cor fr wh a S G 14 in brs S 45 E 3.2 vrs; thence S 16 E 75 vrs to a stake in field; thence S 42½ W 160 vrs to cor in said road; thence N 16 W with said road 75 vrs to the beginning, containing two acres of land.

"Also an undivided interest of one acre more or less in 31 acres of land above mentioned said three acres conveyed to J. N. Thomas by Mrs Emly Burrow and being also the same land conveyed to me the said H. Fitch by J. N. Thomas by his deed of record in Vol. 54 on page 584 Real Estate Records of Nacogdoches, County, Texas, to which reference is now made for all purposes."

By warranty deed dated the 9th day of October, 1918, Julia Thorn, joined by her husband, conveyed to J. B. Fitch the following described tract of land:

"All that certain right, title and interest that we have in and to that certain tract of land containing one acre, situated about one mile S. E. from the Public Square of the City of Nacogdoches in Nacogdoches County, Texas, on the Isaac Lee, Labor Survey of land and described as follows:

"Beginning in the Shawnee Road at the S. W. corner of 2 acres conveyed by Will Thorn et al to J. N. Thomas; thence N 41½ E with a line of said two acres 160 varas to a corner of said 2 acres; thence S 16 E 42 varas to corner; thence S 41½ W 160 varas to corner in said road; thence N 16 W 42 varas to a corner, the place of beginning."

By warranty deed dated the 9th day of October, 1919, filed for record in the Deed Records of Nacogdoches County and duly recorded on the 20th day of October, 1919, J. B. Fitch conveyed to appellee, Joe R.

Knighton, the following described tract of land:

"All that certain tract of land containing three acres, situated about one mile S E from the Public Square of the City of Nacogdoches in Nacogdoches County, Texas, on the Isaac Lee Labor Survey of land, and bounded as follows:

"Beginning in the Shawnee Road where the North line of 31 acres willed to Julia Thorn by her former husband Emsley Burrow, dec'd, and at the S W corner of 10 acres owned by Henry Burrow from which a Pine 24 in brs N 78° E. 6.4 vrs; thence N 41½ E with the line on said 10 acres 160 varas to Corner from which a S G 14 in brs S 45 E 3.2 varas; thence S 16 E at 75 varas pass corner of a two acre tract at 117 varas a corner; thence N 16 W with said road 117 varas to the beginning, and being the same land conveyed to me the said J. B. Fitch by H. Fitch and wife Nancy Fitch by deed dated Sept. 27, 1918, which is recorded in Vol. 94 on pages 169-170 of the Deed Records of Nacogdoches County, Texas and by deed of even date herewith."

All deeds described above were duly filed for record; it was agreed that Emsley Burrow was the common source of title to all the land in controversy.

The deeds given above exhibit appellee's chain of title to the specific tract of two acres as originally described in the deed by Julia Thorn and her husband to J. N. Thomas, and the one acre specifically described in the deed by Julia Thorn and her husband to J. B. Fitch; thus, appellee held a regular chain of title under Julia Thorn, the life tenant, to three acres of land.

The chain of title given above exhibits a claim by appellee under the Burrow heirs to "An undivided interest of one acre in the said 31 acres of land above mentioned said three acres conveyed to me by the heirs of Emsley Burrow by several deeds dated on different dates in the years 1904 to 1905," described as in the deed from J. N. Thomas to H. Fitch, dated January 29, 1906; described as in the deed from Fitch to Thrash, dated July 15, 1913: "All that certain two tracts of land situated about one mile S E of the Public Square of the City of Nacogdoches in Nacogdoches County, Texas on the Isaac Lee Labor of land, and being a part of 31 acres willed by Emsley Burrow to Julia Burrow wife of said Emsley Burrow during her life. One tract is bounded as follows: Beginning in the N W line of said 31 acres in the Shawnee road and the S W Cor of 10 acres owned by Henry Burrow from which a Pine 24 in brs N 87 E 6.4 vs; thence N 41½ E with said N. W Line 160 vs to a corner from which a Pine 24 in vrs S 45 E 3.2 vs; thence S 16 E 75 vs to a stake for corner in field; thence S 41½ W 160 varas to a corner in said road; thence N 16 W with said road 75 varas to the beginning, containing two acres of land. Also an undivided interest of one acre more or less in said 31 acres of land above described & mentioned, being the same three acres of land conveyed to me the said H. Fitch by J. N. Thomas by Deed dated Jany 29th 1906 which is recorded in Vol. 54 on page 584 of the Deed Records of said County. Also we hereby convey all the machinery on said three acres of land consisting of a Mill fixtures &c."

The following additional deeds in appellee's chain of title were offered by appellants: (a) Warranty deed dated July 12, 1904, by Mack Burrow to J. N. Thomas conveying to him all his right, title and interest in the thirty-one (31) acres of land in controversy; (b) warranty deed dated the 22nd day of July, 1904, by Aliza Box, joined by her husband, to J. N. Thomas conveying to him all her right, title and interest in the thirty-one (31) acres of land. Mack Burrow and Aliza Box were children of Mack Burrow, dec'd, who was one of the five children of Emsley Burrow, and left surviving him seven children who inherited his estate; (c) appellee offered in evidence a warranty deed dated the 27th day of December, 1905, by Mollie Jones, joined by her husband, conveying to J. N. Thomas all her right, title and interest in the thirty-one (31) acres of land. The evidence does not connect Mollie Jones with the Burrow title.

## Opinion.

Since appellants were remaindermen under the will of Emsley Burrow, dec'd, to the extent that appellee's claim of title rested in the Julia Thorn chain of title he could not mature against them title under the statute of five years limitation. Vernon's Ann.Civ.St. art. 5509. On this proposition, Judge McClendon, speaking for the court in Olsen v. Grelle, Tex.Com.App., 228 S.W. 927, said: "The defendants not being strangers to the life

estate of Dortie Olsen, limitation would not begin to run against the remainderman until her death, which precludes reliance upon the ten-year statute of limitations; but limitation would begin to run against the remainderman from the date of the death of the life tenant. Millican v. McNeill, 102 Tex. 189, 114 S.W. 106, 21 L. R.A.,N.S., 60, 132 Am.St.Rep. 863, 20 Ann. Cas. 74." On the law and facts, Rae v. Baker, Tex.Civ.App., 38 S.W.2d 366, 368, writ refused, is on all fours with the facts of this case. In that case, in February, 1909, three of the devisees of Mrs. Sarah Spence, dec'd, two of them her daughters, conveyed in fee certain land in Coleman County to George Rae who went into possession under his deed; his possession was open, notorious, adverse and peaceable; he made valuable improvements on the land, paid the taxes thereon, used and cultivated it, and openly claimed its possession against the world for a period of twenty years; under their mother's will, Rae's grantors owned only a life estate in the land. Denying the claim of limitation based on these facts, plead against the remaindermen, the court said: "The two named daughters, having received only a life estate in said lands, could convey no greater interest than they had. Article 1290, R.S.; Gibbs v. Barkley, Tex.Com. App., 242 S.W. 462. Margaret B. Denton, who is still living, though her deed purported to convey an estate in fee simple, conveyed only her life estate, and the right of possession of her children would not vest until her death. Limitation against them as to their estate could not, therefore, begin to run in favor of one in possession of said lands until her death. Morris v. Eddins, 18 Tex.Civ.App. 38, 44 S.W. 203; Olsen v. Grelle, Tex.Com.App., 228 S.W. 927; Hensley v. Conway, Tex.Civ.App., 29 S.W.2d 416; 2 Tex.Jur. 28, and numerous cases there cited."

■ To sustain his judgment, appellee advances the following counter proposition: *"Where the appellee is a stranger to the life estate and knew nothing of the existence of anything other than what was sold to him,* and therefore there would be nothing to stop limitation in his favor, as there certainly is no privity of relation betwixt him and the appellants, as he never recognized nor knew of any interest in the land other than what he had and never did recognize it as a part of a larger tract, but simply bought from J. B. Fitch a tract

of three acres, fenced it, took charge of it and held it adversely and openly against the world, and not using any of the other tract, as he stated he did not know that it was a part of the other land. Barrett v. Crump, Tex.Civ.App., 15 S.W.2d 672, 675, paragraph 3:" (Italics ours.) The facts deny appellee's contention that he was "a stranger to the life estate." He claimed under the life tenant, and offered in evidence a regular chain of title from her to him originating in the common source. Barrett v. Crump, supra, cited in the counter proposition, is not in point; in that case the life tenant, on a valuable consideration, released her life estate to the land in controversy and claimed it in fee.

■ Appellee advances the following additional counter proposition: *"It will be seen from the above that at no time has any co-tenancy existed between the appellee and the appellants,* and it may be true that the interest that the appellee purchased might once have been part and parcel of the larger tract, but most assuredly on Oct. 9, 1919, and every day since the appellee has asserted ownership to the land within his fence and has not attempted to use any other part of the common tract, nor has he allowed anyone else to trespass on his three acres, but has claimed, occupied, used, cultivated and held open and notorious possession of the land under fence since Oct. 9, 1919, and this certainly does take the case out of the authorities as cited by appellants." (Italics ours.) This counter proposition is not supported by the facts. To the extent that appellee claimed under certain remaindermen he was a co-tenant with appellants. That he may have abandoned his claim of co-tenancy with appellants in the entire tract and limited his claim under certain remaindermen to a specific tract of land did not support the plea of limitation of five years, since the land so claimed was not specifically described in his deeds from the co-tenant; he has no plea of the statute of limitation of ten years. Vernon's Ann.Civ.St. art. 5510.

■ We do not render judgment against appellee for the specific land claimed by him for the following reasons: (a) Holding under certain remaindermen, he was a co-tenant with appellants; under the doctrine of equitable partition, he may be able to establish title to the specific land claimed by him; (b) if his entry on,

and claim to, the specific land in controversy was by him a partition, under his claim through the remaindermen, and if his deeds from the life tenant were a mere relinquishment of the life estate in and to this specific land, he may be able to establish title under the statute of limitation of ten years, Howth v. Farrar, et al., 5 Cir., 94 F.2d 654; (c) Improvements in good faith.

Reversed and remanded.