## M. S. & R. COLE v. C. W. NOBLE.

(Case No. 2031.)

1. CESTUI QUE TRUST — LIMITATION — LAPSE OF TIME. — No lapse of time will bar the *cestui que trust* from enforcing a resulting trust, so long as the trust relation is admitted, and there is no adverse holding by the trustee or those claiming under him.

2. CONSTRUCTIVE TRUSTS. — In constructive trusts the rule is different. There limitation runs from the time at which the *cestui que trust* could have indicated his right, by action, or otherwise.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Suit by appellee on the 17th day of October, 1882. Its object was to recover two lots in the city of Houston. It sought to enforce an alleged trust, created by operation of law, fifteen years after the facts and circumstances transpired out of which, it is claimed, the trust arose. The petition of appellee claimed that S. F. Noble, Jr. (who was the former husband of M. S. Cole, appellant), and during his coverture with her, purchased the land in controversy with two notes belonging to him, appellee, and wrongfully took the title in his own name. Appellant M. S. Cole, as sole heir of her deceased children by S. F. Noble, Jr., and in her community right, held the legal title, and constructive possession under a deed which had been duly recorded for fifteen years. Appellants answered by demurrer; general denial; by plea of stale demand, wherein they alleged that the pretended trust arose more than ten years before the commencement of this suit, during which time appellee was conusant of the facts and circumstances out of which he claimed it arose; that the deed of S. F. Noble, Jr., was duly recorded in the Harris county record of deeds in August, 1867; that descent was cast by the death of S. F. Noble, Jr., in December, 1867, etc. The case was tried by the judge, without the intervention of a jury, and judgment rendered in favor of appellee.

*Pressley K. Ewing*, for appellant, on lapse of time, cited: Hunter v. Hubbard, 26 Tex., 547; Carlisle v. Hart, 27 Tex., 352; Brown v. Guthrie, 27 Tex., 611; Hodges v. Johnson, 15 Tex., 574; Taylor v. Campbell (per Stayton, J.), 59 Tex., 315; Hill on Trustees, sec. 264 (note).

That the facts revealed nothing to excuse the delay — citing: McKin v. Williams, 48 Tex., 89; Carlisle v. Hart, 27 Tex., 352; Wagner v. Baird, 7 How. (U. S.), 258; Wait's Actions and Defenses, vol.

3, p. 473; Wright v. Vanderplank, 8 DeG., M. & G., 133; Carr v. Bobb, 7 Dana (Ky.), 407; Locke v. Armstrong, 2 Dev. & Bat. Eq. (N. C.), 147; Roberts v. Tunstall, 4 Hare, 257; Clegg v. Edmondson, 8 DeG., M. & G., 487; Perry v. Craig, 3 Mo., 316.

C. Anson Jones, for defendant in error, cited: Lindsay v. Jaffray, 55 Tex., 639; Dailey v. Starr, 26 Tex., 566; McKin v. Williams, 48 Tex., 89.

WILLIE, CHIEF JUSTICE.— This cause was submitted to the judge below without the intervention of a jury, and his conclusions of law and fact are found in the record.

Neither of the two assignments of error, relied upon in this court, questioned the correctness of his conclusions of fact, and hence they must be taken as correct, and more especially if borne out by the evidence.

The eighth assignment of error (the only one relied on in appellants' original brief) claims that the uncontradicted facts establish conclusively that the trust equity of appellee in the lots in controversy had become a stale demand before the commencement of this suit. By reference to the statement of facts it will be seen that the evidence is classified into facts admitted, facts proven and not controverted, and disputed facts. The effect of the assignment, therefore, is to maintain that under the two first classes of evidence, which appear to be the only uncontroverted facts, the judgment of the court cannot be sustained. This leaves out of the question the contents of the letter proven by the appellee, and which appears in the statement as a disputed fact.

It is not necessary even under the assignment to rest the judgment upon the undisputed evidence alone, for in case of dispute or conflict the judgment could of course be sustained, though it had to rest upon controverted testimony. As the judge did not find that the contents of the letter had been proven, or rest his decision upon the statements contained in it, we must for this reason also discard it from consideration. What we have said disposes in advance of the other assignment relied on; as the finding of the judge shows that he did not consider the letter, and the statement of facts shows that every fact found by him which might have been proved by the letter was abundantly established by other evidence. Lindsay v. Jaffray, 55 Tex., 639; Dailey v. Starr, 26 Tex., 566.

The record discloses that two notes belonging to C. M. Noble, and placed for collection in the hands of his brother, S. F. Noble, Jr.,

were traded for the land in controversy, and the title taken in the name of S. F. Noble, Jr. These notes were executed for part of the purchase money of the land, and the transaction was in effect a surrender of the notes and a reconveyance of the land for the benefit of the vendor. Whilst the exchange was not directly authorized by C. M. Noble, he did not object to it, but acquiesced in the arrangement, and no claim was ever set up to the land by S. F. Noble, Jr., during his life-time, and the property was not administered as part of his estate after his death. Neither party went into possession of the lots nor paid taxes upon them. The first apparent repudiation of the trust by those claiming under the trustee was the sale of the lots by Mrs. Cole to her attorney.

There is no proof (at least none recognized by the district judge in his conclusions) showing that the deed was taken in the name of S. F. Noble, Jr., for the purpose of defrauding his brother. The trust would therefore seem to be a resulting one, and, as such, acquiesced in by all parties interested in the subject-matter. 1 Perry on Trusts, § 127.

It is common learning that in cases of resulting trusts, so long as the trust relation is admitted, and there is no adverse holding by the trustee or any one claiming under him, no lapse of time will bar the *cestui que trust.* Id., 141; Dow *v.* Jewell, 18 N. H., 340.

In case of a constructive trust, which is born of fraud, and which presupposes from its beginning an adverse claim of right on the part of the trustee by implication, the statute will commence to run from the period at which the *cestui que trust* could have indicated his right by action or otherwise. Hunter *v.* Hubbard, 26 Tex., 537; Anderson *v.* Stewart, 15 Tex., 285; Carlisle *v.* Hart, 27 Tex., 350.

But even in such cases the trustee must bring himself clearly within the position of a continued and consistent adverse claimant (Grumbles *v.* Grumbles, 17 Tex., 472), and the *cestui que trust* must have no reasonable excuse for failing to prosecute his claim within the proper time. McKin *v.* Williams, 48 Tex., 89.

In this case, S. F. Noble, Jr., set up no claim to hold the land adversely to his brother; and, after his death, his personal representatives in effect declined to make such claim by failing to administer the lots as part of his estate; and his widow did not repudiate the trust until a short time before the commencement of this suit.

These circumstances were calculated to lull the appellee into the belief that the trust was still recognized by those claiming under the original trustee; and as the opposing claimants, if any existed, were connected with him by blood and affinity, we cannot say that

he was bound to prosecute his rights at any time before their dis-avowal was brought to his notice in such manner as to claim his attention.    2 Story, Eq. Jur., § 1520; Paschal v. Hinderer, 28 Ohio St., 568.

Under the facts of the case as found by the judge, and borne out by the record, we think his conclusions of law and judgment were correct, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered February 27, 1885.]