SELLS et al. v. WHITE et al.    (No. 5445.)

(Court of Civil Appeals of Texas. San Antonio. March 31, 1915. Rehearing Denied April 28, 1915.)

1. .JUDGMENT ⬤══744—CONCLUSIVENESS—PARTIES CONCLUDED.

Plaintiffs, who were the owners of realty, executed a conveyance, receiving a sum in cash as well as vendor's lien notes. The notes were negotiated. Their grantee failing in payment, suit to foreclose the lien of the notes was instituted; plaintiffs being made parties. *Held* that, where plaintiffs defaulted and judgment of foreclosure was rendered, it was a conclusive adjudication against their claim that the conveyance was merely a mortgage; hence that part of the judgment which foreclosed the lien against one of the plaintiffs, who did not join in negotiating the notes, was surplusage, as such party had no interest in the land.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1278–1281; Dec. Dig. ⬤══744.]

2. VENDOR AND PURCHASER ⬤══287—VENDOR'S LIEN—SALE—NOTICE—NECESSITY.

Where no personal judgment was rendered against plaintiff, and a judgment foreclosing vendor's lien notes upon land was an adjudication that she had no interest therein, notice of the sale to satisfy the lien need not be given to her.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 810–814; Dec. Dig. ⬤══287.]

3. VENDOR AND PURCHASER ⬤══287—VENDOR'S LIEN — SALE — VACATION — INADEQUACY OF PRICE.

Where property sold to satisfy a vendor's lien brought a wholly inadequate price, plaintiffs, who notified the purchasers that they had a homestead in the property, and that a lawsuit would follow a purchase, could not procure a vacation of the sale, where the judgment foreclosing the vendor's lien was an adjudication that plaintiffs had no interest.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 810–814; Dec. Dig. ⬤══287.]

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Action by Kate S. White and another against G. M. Sells and others. From a judgment for plaintiffs, defendants appeal Reversed and rendered.

Blain & Howth, of Beaumont, and Bisland & Bruce, of Orange, for appellants.    J. S. Wheless, of Beaumont, for appellees.

CARL, J. On December 24, 1908, Kate S. White and her husband, E. A. White, executed a general warranty deed to E. A. Cheatham, whereby they conveyed to him lot 5 in block 64 of Van Wormer's addition to the city of Beaumont, in Jefferson county, for a recited consideration of $1,000 in cash, and two vendor's lien notes each for the sum of $200, and due respectively in three and six months from their date. These two notes were indorsed by E. A. and Kate S. White immediately after their execution and sold to G. M. Sells for a valuable consideration, without any notice that the transfer was not what it purported to be, and without any notice on part of Sells that the vendor's lien notes were not in truth and in fact what they purported to be.

The first of said notes was paid by E. A. Cheatham, and, when the second note became due, Cheatham refused to pay it, and on August 9, 1909, Sells instituted suit in the Fifty-Eighth district court to foreclose, naming E. A. Cheatham, E. A. White, and Kate S. White as defendants, which suit was numbered 7450 on the docket of said court. Service was regularly had on all the defendants, and on September 21, 1909, a judgment by default was taken for the sum of $236.32 against E. A. White and E. A. Cheatham, and foreclosing the vendor's lien against all of the defendants. Execution and order of sale were directed in the usual form; and on November 15, 1909, an order of sale was issued which recites a judgment against E. A. Cheatham and E. A. White, but which order of sale does not mention Kate S. White. The return on the order of sale recites that notices were mailed to Cheatham and White and Kate S. White. The court found, however, that E. A. White concealed from his wife, Kate S. White, the notice of the sale sent to her. On December 7, 1909, the sheriff of Jefferson county sold the property at public sale, and G. M. Sells bought it for $100, $68.85 being credited on the judgment, and the balance was applied to costs. The sheriff made Sells a deed. E. A. White and his wife had actual notice of the sale, and of the time and place, and they were represented at the sale and gave notice at the time of the sale that the property constituted their homestead, and that, if any one bought it, he would bring a lawsuit. The trial court finds that there was no other circumstance that transpired at the sale to cause the property to bring an inadequate

price, except the notice of White and wife that whoever bought the property would be buying a lawsuit, and the failure to include the name of Kate S. White in the order of sale. White and his wife made no effort to buy the property at the sale. And the court also found that the price at which the property was sold was grossly inadequate. On December 27, 1909, White and wife filed suit in the Sixtieth district court against Sells and Jake Giles, sheriff of Jefferson county, for injunction to restrain them from executing a writ of possession or in any wise interfering with their possession and for judgment for title to the property, as well as for judgment removing the cloud from their title, but they made no tender of the amount due on the judgment rendered. That suit was dismissed for want of jurisdiction. On June 25, 1910, this suit was filed in which an injunction is asked restraining Giles, the sheriff, from placing Sells in possession of the property, and praying that, on final hearing, the deed made to Sells by the sheriff be canceled. The court granted a temporary injunction, which was later dissolved, and Sells was placed in possession. On September 7, 1910, Sells conveyed the property to J. B. Bisland, who gave notes for the purchase price, less $150, which Sells owed him for services as attorney in the matter. Bisland conveyed the property to Joe Mally and Biaggio Tortoris, and they gave notes, which were still unpaid at the time of the trial.

The trial court concluded that, because of the fact that Kate S. White's name did not appear in the order of sale, the same was irregular; and, since the property sold for a grossly inadequate price, the deed should be set aside. The subsequent purchasers of the property bought with notice of the claim of White and wife, because a lis pendens notice was on file. However, the foreclosure judgment was found to be a valid judgment. Other than to set aside the deeds from the sheriff to Sells and to subsequent purhasers, the original judgment was left in force.

The original judgment of forelosure was against E. A. White and Kate S. White, and E. A. Cheatham entered an appearance. White and wife were regularly served in this cause, and a judgment by default was taken against the defendants E. A. White and Cheatham personally, and against all of them, including Mrs. White, foreclosing the vendor's lien on the property. This judgment provides that, if the property shall sell for more than sufficient to pay the judgment, the excess shall be paid to E. A. Cheatham, and, if it did not sell for enough to pay same, then Sells should have execution for any deficiency against E. A. White and E. A. Cheatham.

[1] It will be noted that this judgment directly and plainly forecloses the vendor's lien and not a mortgage lien, and no defense was made therein that the property was a homestead or that the sale was in fact intended as a mortgage. The parties were regularly before the court upon proper service and failed to make the defense they now seek to interpose. If the Whites had homestead rights in the property or an equity of redemption because of the fact that the deed made Cheatham was in fact a mortgage to enable them to raise money on the homestead, as now contended, the time to assert that fact was in the foreclosure suit, where they were called upon to set forth their claims. This they did not do, and the court proceeded to final judgment on the debt and to foreclosure of the vendor's lien, and in that judgment order of sale was provided. The Whites had sold the notes, and the court, by foreclosing the lien, necessarily recognized the fact that title had passed out of them. So the foreclosure, as against Mrs. White, was a mere surplusage, for she had no interest against which foreclosure could be had. That judgment was not set aside or appealed from, and therefore became a final judgment. The matters therein in issue are res adjudicata. It is true the pleadings of the plaintiffs in this case sought to set aside that judgment in so far as it foreclosed a vendor's lien and ordered sale of the property; but no fact was set forth which would justify the court in doing so. That judgment in cause No. 7450 was final.

[2, 3] E. A. White and wife both knew of the sale as advertised, for it is shown that both were represented at the time and place of sale. It may be conceded that the property brought an inadequate price; but that is to be expected as the natural and probable result of White and his wife giving notice at the time of the sale that whoever bought the property would buy a lawsuit. Having no interest in the property, under the judgment of the court, it was not necessary that Mrs. White be notified at all, for there was no personal judgment against her. Therefore that fact cannot be relied upon as being conducive to the inadequate price. The only other matter, under the court's findings, which caused same, was the notice given that whoever bought the property would buy a lawsuit. Having been the direct and sole legal cause why the property sold for an inadequate price, White and wife should not now be heard to complain that their notice at the sale produced the result it was only natural it should produce.

The judgment of the trial court is reversed, and judgment is here rendered that the plaintiffs below, E. A. White and Kate S. White, his wife, take nothing by reason of this suit; and that Joe Mally and Biaggio Tortoris take nothing by reason of their cross-action. The costs of this court as well as in the court below are adjudged against the said E. A. White and Kate S. White.

Judgment reversed and here rendered.