**HOLT et al. v. HOLT.**
No. 4311.

Court of Civil Appeals of Texas. Texarkana.
March 31, 1933.

Rehearing Denied April 6, 1933.

Pollard, Beauchamp, Lawrence & Lux, of Tyler, for plaintiffs in error.

P. O. Beard, of Marshall, Stone, Strickland & Caves, of Henderson, and Riley Strickland, of Longview, for defendant in error.

LEVY, Justice (after stating the case as above).

The point presented for decision is that of whether or not in the facts shown there was error in giving a peremptory instruction to the jury to return a verdict against the plaintiffs in error. It was conclusively shown that in 1924 there was duly entered a judgment of revivor which restored to its original force by statutory proceeding a judgment rendered in 1914 foreclosing a vendor's lien and ordering that the land be sold at public auction by judicial sale, and that the proceeds be applied in payment of the amount determined to be due. It was upon the original conveyance of the land in suit and as security for the agreed purchase price thereof left unpaid that the grantee gave the grantor an express lien which was foreclosed in the judgment in 1914. It was expressly agreed by the parties that the judgment of revivor entered in 1924 "is a valid and subsisting judgment," and that "there is no attack on said judgment in any particular." The children of Lillie Holt, deceased, were made parties to the proceedings of revivor, and the decree of foreclosure is binding upon all the parties thereto. This being so, then on the issue of title the plaintiffs' title must be deemed imperfect and their right of entry into possession of the land would be, too. In this state, where the purchase money is left unpaid upon the conveyance of the land, the vendor holds and retains the legal title, and the purchaser cannot prejudice that title except the very obligation on his part which the retention of such title was intended to secure, which is by paying the purchase price according to the terms of the contract. Nass v. Chadwick, 70 Tex. 157, 7 S. W. 828; and other cases. The judgment in 1914 of foreclosure of the vendor's lien and the judgment of revivor in 1924 in legal effect and operation becomes conclusive as an adjudication that Mrs. Ida Holt still retains and holds the superior legal title and

that the purchase price has not been paid by the purchasers, and would be conclusive of the right of possession as between the parties. Article 2219. Neither the original purchaser nor his heirs can dispute the title while the purchase money remains unpaid. Henry v. Thomas (Tex. Civ. App.) 74 S. W. 599.

A vendor may, in the first instance, by provision of the statute, obtain both a personal judgment against the purchaser and a foreclosure of the lien for the unpaid purchase money. Article 2218. This right to a personal judgment applies only where the defendant is originally or by assumption personally liable for the debt. Spence v. Morris (Tex. Civ. App.) 28 S. W. 405; Rawles v. Perkey, 50 Tex. 311; Houston v. Dickson, 66 Tex. 81, 1 S. W. 375, 376; Kynard v. Tucker (Tex. Civ. App.) 171 S. W. 1086. The two remedies are concurrent and cumulative, the one in personam against the purchaser, the other in rem to subject the land to its payment. As to children of Lillie Holt, deceased, foreclosure was purely an action in rem; they being not personally liable for the purchase money. The decree of foreclosure was binding upon the children, as they were made parties to the proceedings to revive. Rowland v. Harris (Tex. Civ. App.) 34 S. W. 295. In such situation the plaintiffs, or any one of them, may not in the facts predicate the right of superior interest or claim in the land through void judicial sale under the judgment of revivor. In the facts proven Abe Holt, the defendant in the execution, was given personal notice of the time of the sale, and there was compliance with the statute as to him. He was the only one in the proceeding against whom a personal judgment was rendered for the enforcement of the debt or demand, to which the lien was an incident. And he was the only one the execution was required to show against whom it issued. The sale, therefore, would place the absolute title, legal and equitable, in Mrs. Ida Holt, the purchaser under the sale. But assume the notices of sale were insufficient, yet the fact of failure of such notice of and by itself would not operate to make the sale void and of no legal force or effect. In this state two notices of a sale are required to be given, one to the public and the other to the defendant in execution. Article 3808. The failure to give the defendant the notice does not by the terms of the statute make the sale void. Bean v. City of Brownwood, 91 Tex. 684, 45 S. W. 897. Hence the sheriff's deed under such sale would be a sufficient deed to support limitation of five years' adverse possession by Mrs. Ida Holt. As proven, she held the land for full five years before the filing of this suit. As determined in Barrett v. Crump (Tex. Civ. App.) 15 S.W.(2d) 672, article 5518, staying the running of limitation against persons under disability, exempts only married women under twenty-one years of age.

Although on the issue of title the plaintiffs may not predicate absolute title against Mrs. Ida Holt, yet there arises the question to be determined of whether or not revisory proceedings would lie to vacate the sale under the execution. A party interested in a sale, and conceiving himself to be injured by some defect or irregularity with which it is connected, may seek to have it vacated. The party, though seeking the vacation of the execution sale, cannot postpone proceeding beyond the time the statute of limitation interposes a positive bar to the maintenance of a suit to vacate a sale. The law disfavors unnecessary delay in proceeding to avoid judicial sales. The time within which the suit may be brought to vacate has, we think, been definitely decided. The statute of four years' limitation, as provided in article 5529, has been held applicable. Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39. As a result, Abe Holt and his two children not married would be barred of remedy; the defendant pleading, as she did, the statute of limitation. This article of limitation, however, does not run against a married woman, as in the status of Tennessee Gilstrap and Ophelia White. Deaton v. Rush, 113 Tex. 176, 252 S. W. 1025. They found their right to set aside the sale upon the ground upon the gross inadequacy of price connected with the additional circumstance of failure to serve them with personal notice.

Courts hesitate to declare that inadequacy of price will of itself justify the vacation of an execution or judicial sale. Authorities of the various states are numerous declaring in general terms that a sale will not be vacated for mere inadequacy of price. Baker v. Clepper, 26 Tex. 629, 84 Am. Dec. 591; Smith v. Perkins, 81 Tex. 152, 16 S. W. 805, 26 Am. St. Rep. 794; Pridgen v. Adkins, 25 Tex. 388, and other cases. It is only where the inadequacy is connected with or the result of misconduct or irregularity that the sale may be vacated. Chamblee v. Tarbox, 27 Tex. 140, 84 Am. Dec. 614; Schmidt v. Burnett (Tex. Civ. App.) 23 S. W. 228; and other cases. It is believed a ground does not appear in the record justifying the court to set aside the sale on the application of these two parties named. There is no statute giving them the right to redeem the property from sale under the foreclosure of the vendor's lien. Where there is no statute or contract the court cannot decree it. They were not required to be served with personal notice of the sale, for there was no personal judgment in anywise against them. Sells v. White (Tex. Civ. App.) 175 S. W. 1079. Therefore that fact cannot be relied on as conclusive to inadequate price. And the evidence is affirmative and definite that a fair market value of the land was realized from the sale. While there is some evidence going to show a higher value of lands, such circumstance alone may not be deemed sufficient to set aside the sale for unfairness in conduct or gross inadequacy of price to raise the presumption of fraud or as bringing about injury to the parties named.

The trial judge has very correctly ruled in the case, and the judgment is affirmed.