## LOTUS OIL CO. v. SPIRES et al.
### No. 4778.

Court of Civil Appeals of Texas. El Paso.
Dec. 13, 1950.

Rehearing Denied Jan. 17, 1951.

Turner, Rodgers, Winn, Scurlock & Terry, Dallas, Gerald Fitz-Gerald, Midland, for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, Walter Carter, Sweetwater, for appellees.

PRICE, Chief Justice.

This is an appeal by the Lotus Oil Company from an adverse judgment of the District Court of Andrews County, Texas, whereby the plaintiff Mrs. Cecil Spires recovered title and possession to an undivided 3/8 interest in and to the following described lands in Andrews County, Texas, to-wit: Sections No. 14, 15, 16, 17, 18, 19, 24, 25, and 26 in Block A–48, Public School Lands in Andrews County, Texas. The trial was before the court with a jury, submission on special issues, and the judgment adjudged recovery as aforesaid in favor of Mrs. Spires, hereinafter referred to as plaintiff.

Except insofar as same is argumentative we shall adopt as a statement of the nature and result of the case that contained in appellee's brief, which is in substance as follows:

In this suit Mrs. Spires sought to establish her right to an undivided 3/8 interest

in twelve and one-half sections of land. The parties agreed that in 1895 her father and mother were married; her parents were ranchers, as a result of the marriage two children were born, the appellee and her brother, who died intestate without having been married; her mother died in 1903; her mother and her father jointly owned in their community right about 1500 head of cattle when her mother died; they owned no land and owed no debts. Appellee was born in 1901; appellee was married in December of 1919 and said marriage subsists and subsisted on all relevant dates. After Mrs. Gates, the mother of appellee, died, the ranch was operated just as it had been during her lifetime; from the earnings of the ranch Mr. Gates, appellee's father, bought the 12½ sections of land in 1910, at which time the appellee was about nine years of age. Among other defenses plead by appellant were the various statutes of limitation and adverse possession. It is the contention of appellee as to limitation that Art. 5535, R.S., applied, which is substantially as follows: "If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor, a married woman, a person in prison or of unsound mind, the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title."

Appellant contends that Art. 5518 applies, which provides in substance as to adverse possession of real property, that if a person be at the time first title shall descend or adverse possession commence a person, including a married woman under 21 years of age, or in time of war a person in the military or naval service of the United States, or of unsound mind, or a person in prison, time during which such disability or status shall continue shall not be deemed any portion of the time limited for the commencement of such suit or the making of such defense, and such person shall have the same time after the removal of such disability that is allowed to others by the provision of this title. Appellee concedes that the facts show without any dispute that the defendant claimed and occupied the land as far as possession was concerned, but the real question is which one of these Articles applies. The parties entered into this stipulation as to the facts: "It is stipulated between counsel for the parties plaintiff and defendant in open court that the defendant Lotus Oil Company has complied with all the fact requirements of the 3, 5 and 10 year Statute of Limitation, to-wit, Articles 5507, 5509 and 5510, and against plaintiffs in this case if Articles 5507, 5509 and 5510 are legally applicable to bar the character of claim or title asserted by plaintiffs in this case, it being the contention of plaintiff that she was not barred by reason of her coverture from bringing this suit since she had first to establish the equitable right asserted herein before she could recover the land, and that the Limitation Statute applicable to a suit asserting such right was Article 5518 and Article 5535, specifically excepting married women from the operation of said Art. 5518 and that plaintiff was not therefore barred by reason of the use and occupancy of the land by the defendant otherwise conceded to exist."

Appellee asserts that Art. 5518 does not apply and that Art. 5535 does apply. It might be here added that the jury found that at all relevant times defendant and its predecessors in title had notice of the claimed rights of plaintiff.

A correct solution of the controversy depends upon the determination of the nature of the cause of action asserted by the plaintiff. If it is a personal action Art. 5535 applies and limitation did not operate during coverture. If a suit to recover title and possession of land, Art. 5518 applies and the 3, 5 and 10 years Statutes apply to her title after she became 21 years of age. In short, unless her coverture prevented the running of the Statute of Limitations up to the date of filing suit the adverse possession held by the defendant and his predecessors bars her.

In the case of Barrett v. Crump, Tex.Civ. App., 15 S.W.2d 672, 675, it is said: "Appellant Mrs. Lewis claims that limitation did not run against her on account of her coverture, which continued from the incep-

tion of appellee's claim to the entire title to said tract until shortly before the filing of this suit. She cites Revised Statutes, art. 5535; Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025, 1032, and Thomason v. McEntire (Tex.Civ.App.), 233 S.W. 616, 621, par. 5, in support of this contention. The article cited exempts married women from the bar of limitation only in personal actions. Only married women under 21 years of age are included in Revised Statutes, art. 5518, which enumerates the classes entitled to claim exemption from such bar in suits for the possession and title to land. The court, in Deaton v. Rush, merely held that a married woman was not subject to such bar in suing for the cancellation of a deed. They further held that such cancellation was a prerequisite to her right to recover the land sued for in that case, and that limitation did not begin to run against her right to sue for such recovery until such cancellation was decreed. The only issue involved in Thomason v. McEntire was a cancellation of a certain oil and gas lease as a cloud upon the title to the homestead. The coverture of Mrs. Lewis did not prevent the running of the statute of limitation against her."

This case was approved on this proposition in the case of Holt v. Holt, Tex.Civ. App., 59 S.W.2d 324 (Wr.Den.). It is conceded by each party that if equitable title plaintiff has or ever had, it is by reason of her father using her funds in purchasing the property to the extent of the interest awarded to her by the judgment of the court. No dispute exists between the parties as to the nature of the claim asserted by plaintiff, each seems to concede that she claims under a constructive trust, the constructive trust arising by reason of the fact that 3/8 of the purchase price of the property came from the sale of plaintiff's and her brother's interest in cattle which were a part of the community estate of her father and mother, which of this community estate the two children inherited the mother's half.

A constructive trust arises when one acquires property with the funds of another under such circumstances that equity and good conscience require that restitution be made by the one so wrongfully ac-

quiring the property with the funds of another hence he is considered to hold the legal title for the one whose property has been so wrongfully used in its acquisition. Talley v. Howsley, 142 Tex. 81, 176 S.W.2d 158. In the Supplement to Restatement, Law of Restitution, p. 199, the following is quoted from Dean Pound: "'A group of cases involving constructive trusts invite consideration of what such a trust really is. An express trust is a substantive institution. Constructive trust, on the other hand, is purely a remedial institution. As the chancellor acted in personam, one of the most effective remedial expedients at his command was to treat a defendant as if he were a trustee and put pressure upon his person to compel him to act accordingly. Thus constructive trust could be used in a variety of situations, sometimes to provide a remedy better suited to the circumstance of the particular case, where the suit was founded on another theory, as in cases of reformation, of specific performance, of fraudulent conveyance and what the civilian would call the exclusion of unworthy heirs, and sometimes to develop a new field of equitable interposition, as in what we have come to think the typical case of constructive trust, namely, specific restitution of a received benefit in order to prevent unjust enrichment.' (Pound, The Progress of the Law, Equity, 33 Harvard Law Review 430 (1920)."

In line with the above quotation from the article by Dean Pound, Justice Cody in the case of McCabe v. Cambiano, Tex.Civ. App., 212 S.W.2d 237, 240, said: "The law does not automatically impress property with a constructive trust, as defendant appears to think. Constructive trusts are classified as belonging to remedial rather than to substantive law. The frauds or wrongs for which the courts in the exercise * * * of their legal powers will give damages as compensation. And it sometimes happens that an action for damages is the more appropriate or beneficial. The injured person has the option as to what character of suit he will bring. But in practical effect in this case it makes no difference whether the subject of 'construction trust' be classified as an equity (i. e., a

cause of action that invokes the equitable powers of the court) or as an equitable estate. Because, if it could be said that, even without any judgment of a court impressing a constructive trust on the property, the defendant became vested with an equitable estate in the ten acres of land in virtue of Henck acquiring the title thereto while administrator, yet Henck's adverse possession was sufficient to divest defendant of title to an equitable estate." .

■ In short, we think it may be said that the holder of a legal title for the benefit of another in cases of constructive trust is not a voluntary trustee but he is held as such regardless of his will in the matter. The trustee has acquired the legal title of the property by the wrongful appropriation of the property of the beneficiary.

In the case of Cole v. Noble, 63 Tex. 432, it is said: "In case of constructive trust, which is born of fraud, and which presupposes from its beginning an adverse claim of right on the part of the trustee by implication, the statute will commence to run from the period at which the cestui que trust could have indicated his right by action or otherwise. Hunter v. Hubbard, 26 Tex. 537; Anderson v. Stewart, 15 Tex. 285; Carlisle v. Hart, 27 Tex. 350."

In the case of Collins v. Griffith, Tex.Civ. App., 125 S.W.2d 419 (Wr.Ref.), plaintiff sought to establish a trust in land by suit filed in 1935 on account of funds wrongfully invested therein in 1886, it was held that as a matter of law that the claim was barred by adverse possession. It was held in the case that the plaintiff could not avail herself of the plea of coverture to defeat limitation under Art. 5518, since married women are not exempted thereby after they become 21 years of age. In support of the holding the cases of Barrett v. Crump, Tex.Civ.App., 15 S.W.2d 672; Holt v. Holt, Tex.Civ.App., 59 S.W.2d 324, are cited.

■ In this case plaintiff did not seek to enforce a right conferred upon her by contract, did not seek to rescind an act in law on her part which debarred her from the assertion of right to possession of the property in question, did not seek the reformation of an instrument; she sought the recovery of her land. Her contention was that her father had used her money in the acquisition thereof; it is therefore hers. It stood in the place of the cattle her father had converted. The defendant here was the remote grantee of her father. If it stands in the shoes of her father it is only to the extent of the property which was converted by the father and went into the purchase price of this property. If we have a constructive trust to deal with, when did it arise? A trust is ordinarily impressed upon the legal title when the legal title passes. Elbert v. Waples-Platter Co., Tex. Civ.App., 156 S.W.2d 146. See also McAlister v. Eclipse Oil Co., 128 Tex. 449, 98 S. W.2d 171.

A cause of action consists of a violation of a right with consequent damage. If this defendant has violated any rights of plaintiff it consists of the wrongful taking possession and excluding her therefrom of the property she asserts title to by reason of the fact that her father in part acquired title to the property by the use of her funds. Her property has been traced into the property in controversy. When defendant acquired this property it acquired at least the rights of appellee's father therein. There was nothing to bar her assertion of her rights in the property. She required no equitable remedy to entitle her to recover. This right accrued when her father acquired legal title to the property. She had consummated no act of law that unless the effect thereof be nullified would bar her from the enjoyment of the rights of individual ownership of the property in question. Hers was a right to the full legal title to the property. Something other than her election to claim the legal title to this property invested her with the equitable title thereto. She had sought to have the property misappropriated by her father restored to her. True, this property did not exist in kind, it had been converted into an interest in the land. Her right to the property accrued when her father acquired the legal title to same. Against this right the Statute as to suits for recovery to land ran when she attained the age of 21 years, even though at that time she was a married woman. In our opinion, under the stipula-

tion and undisputed facts the rights of plaintiff are barred by limitation. This holding must result in the reversal and rendition of the judgment in favor of the defendant. It is thought unnecessary to consider the other assignments.

It is ordered that the judgment of the trial court be in all things reversed and judgment is here rendered that plaintiff take nothing by her suit, and all costs be assessed against the plaintiff.