

# The Attorney General of Texas

December 30, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Carl A. Parker
Chairman
Senate Education Committee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas   78711

Opinion No.  JM-115

Re:  Obligation of state to fund  university  insurance premiums for employees

Dear Senator Parker:

You ask the following two questions concerning the "Texas State College and University Employees Uniform Insurance Benefits Act," article 3.50-3 of the Insurance Code:

> (1) Does the state have any obligation to provide the funds necessary in order for each university to provide the proper level of insurance coverage?  Are those institutions who may not have the necessary unappropriated funds, and who are unable to find commercial insurance carriers willing to provide the minimum required coverage for the state's appropriation of $70 per employee, per month, entitled to the additional funds needed to provide the required coverage?
>
> (2)  In the event that the university is unable to provide its employees with the minimum coverage because of its financial inability to supplement the state appropriation, will university employees have a cause of action against the university, any of its officers, and/or the state of Texas?

Article 3.50-3 of the Insurance Code requires state colleges and universities to provide employees with basic life, accident, and health insurance coverages

> at least equal to those commonly provided in private industry and those provided employees of other agencies of the State of Texas under the Texas Employees Uniform Group Insurance Benefits Act.

Ins. Code art. 3.50-3, §2(b) (purpose clause).  An administrative council established under the act determines basic coverage standards

that are at least equal to those provided in private industry and those provided employees of other state agencies. Sec. 4(a)(4)(A). The employer must make basic coverage available to each employee at no cost to the employee. Sec. 11. As your first question indicates, some universities are unable to provide basic coverage from the state's appropriation of $70 per employee. Attorney General Opinion MW-215 (1980) determined that the university must pay any excess premium from non-appropriated funds, but you state that some universities lack sufficient non-appropriated funds. You state in your request letter that costs of health care vary considerably from one region of Texas to another. Two areas of high cost medical care, Houston and Beaumont/Port Arthur, also have higher rates of cancer than the state as a whole. You also state that some university employee groups are so small that a few large claims in one year can raise future premiums to a level exceeding the state appropriation.

With this background in mind, we turn to your first question. In essence, you ask whether the legislature must appropriate a sufficient amount to fully fund premiums for the statutorily required basic coverage.

The legislative power of Texas is vested in the Senate and the House. Tex. Const. art. III, §1. The legislature has full power and discretion to enact laws, subject only to limitations contained in the state and federal constitution. Watts v. Mann, 187 S.W.2d 917, 924 (Tex. Civ. App. - Austin 1945, writ ref'd); Conley v. Daughters of the Republic, 156 S.W. 197 (Tex. 1913); Tuttle v. Wood, 35 S.W.2d 1061 (Tex. Civ. App. - San Antonio 1930, writ ref'd). Funds in the treasury may be appropriated only by legislative action, see Tex. Const. art. VIII, §6; see generally Letter Advisory No. 132 (1977), and legislative discretion to appropriate funds is in fact limited by several constitutional provisions. See, e.g. arts. III, §§44, 49a, 50; art. IV, §14; art. VIII, §6.

Article 3.50-3 of the Insurance Code is a general law, and does not itself appropriate funds to carry out its purposes. Pickle v. Finley, 44 S.W. 480 (Tex. 1898). The legislature in enacting article 3.50-3 could not thereby bind subsequent legislatures to make appropriations to carry out its purposes. See generally Watts v. Mann, supra at 924 (one legislature may not limit the power of a subsequent legislature to enact laws). Article 3.50-3 does not establish a constitutionally protected vested right in university employees to full payment of basic coverage from appropriated funds. We therefore conclude that the legislature has no obligation to appropriate the funds necessary for each university to provide the proper level of insurance coverage. Your first question is answered in the negative.

You next ask whether university employees will have a cause of action against the university, its officers, or the state if the university is unable to provide them with basic coverage pursuant to

section 11 of article 3.50-3.  A "cause of action" is a fact or facts entitling one to institute and maintain an action which must be alleged and proved in order to obtain relief.  A. H. Belo Corp. v. Blanton, 129 S.W.2d 619 (Tex. 1939).  The violation of a right with consequent damage gives rise to a cause of action.  Lotus Oil Co. v. Spires, 240 S.W.2d 357 (Tex. Civ. App. - El Paso 1950, writ ref'd n.r.e.).

Since we cannot investigate and resolve fact questions in the opinion process, we cannot say with certainty whether the employees of any university subject to article 3.50-3 have a cause of action against an official or governmental entity for failure to provide insurance coverage.  If university employees determine that the facts establish a cause of action they must seek legislative consent to bring a suit against the state, a state agency, or an official acting within his legally authorized area of discretion.  Director of the Department of Agriculture and Environment v. Printing Industries Association of Texas, 600 S.W.2d 264 (Tex. 1980); Texas Technological College v. Fry, 278 S.W.2d 480 (Tex. Civ. App. - Amarillo 1954, no writ); Walsh v. University of Texas, 169 S.W.2d 993 (Tex. Civ. App. - El Paso 1942, writ ref'd).  A litigant who wins a damages claim against the state must then seek payment from appropriated funds.  S. & G.Construction Company v. Bullock, 545 S.W.2d 953 (Tex. 1977).

If the facts show that a state officer has acted beyond his statutory capacity, the injured party may sue the official in his individual capacity, without legislative consent.  Simmons v. Vinson, 394 F.2d 732 (5th Cir. 1968) cert. denied 393 U.S. 968 (1968).  Such a suit would not seek damages from the state, but from the personal funds of the officer.  We reemphasize, however, that we have made no finding as to whether facts exist which would give rise to a cause of action against any person.

### S U M M A R Y

The legislature does not have an obligation to fully fund insurance premiums necessary to pay basic coverage for university employees under article 3.50-3 of the Insurance Code.  Whether university employees who do not receive minimum coverage have a cause of action against the state, the university, or university employees is a fact question which cannot be decided in the opinion process.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton