# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00109-CV

**Joyce Lovelady, Individually and as Surviving Spouse of H. Glenn Lovelady, Deceased, Appellant**

**v.**

**Fannie Lovelady Spain and Artis Lovelady Hopkins, Appellees**

### FROM THE DISTRICT COURT OF LEE COUNTY, 335TH JUDICIAL DISTRICT
### NO. 12,083, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Fannie Lovelady Spain and Artis Lovelady Hopkins sued the estate of their late brother H. Glenn Lovelady and his widow, Joyce Lovelady, individually and as administrator of the estate, seeking a constructive trust on two tracts of land. The trial court imposed a constructive trust in favor of Spain and Hopkins's heirs,[1] granting them collectively an undivided one-half interest in each tract. The trial court also declared a distribution of the remaining one-half of each tract. Joyce[2] appeals, arguing that the trial court erred by imposing the constructive trust and by failing to award equitable reimbursement to the community estate created during her marriage to Glenn. We reverse

---

[1] Hopkins died during the pendency of this case. She was replaced as a plaintiff in this suit by two of her three children, Russell Hopkins and Mavia Dichochea.

[2] For convenience, we refer to Joyce Lovelady and H. Glenn Lovelady as Joyce and Glenn.

the judgment of the trial court and render judgment that Spain and Hopkins take nothing on their claim for constructive trust.

## Background

Spain alleges that Glenn approached Spain and Hopkins in late September or early October 1995, asking his sisters to help pay for a nine-acre tract of land and a fifty-acre tract of land, both of which were being occupied by members of the Lovelady family.[3]  According to Spain's testimony, Glenn represented to Spain and Hopkins that if they paid half of the purchase price for each tract of land, they "would have a place to live on the farm."  Spain and Hopkins understood this statement to mean that they would become co-owners of the properties with Glenn.  Spain testified that she and Hopkins made payments to the NBC Bank of Rockdale for what they were told was half of the purchase price of the two tracts.

The evidence presented at trial shows that at the time this alleged agreement was made, both tracts were fully paid for and free of all encumbrances.  The deed to the fifty-acre tract, executed on September 13, 1995, names H. Glenn Lovelady as the grantee.  Glenn purchased the fifty-acre tract from the Veterans Land Board, with whom he signed a contract of sale in 1972.  The deed to the nine-acre tract, executed on January 17, 1995, names H. Glenn Lovelady and Joyce Lovelady as grantees.  Glenn and Joyce, who were married in 1993, entered into the contract of sale for the nine-acre tract in December 1994.

---

[3]  Glenn's mother lived on the fifty-acre tract and his sisters lived on the nine-acre tract.  Glenn and Joyce lived in San Antonio.

Hopkins and Spain argued at trial that Glenn likely took out a loan from the NBC Bank of Rockdale to pay off the outstanding balance he owed on the two tracts of land and convinced his sisters to pay down that loan by representing to them that they were paying half of the purchase price of the two tracts. However, none of the evidence presented at trial connects the payments made by Spain and Hopkins to the two tracts of land or shows the amount of the NBC loan or its relationship to the purchase price of the two tracts. Other than Spain's testimony, scant evidence of the amount paid by the sisters toward the debt was introduced.

Glenn died intestate in June 2001. Spain and Hopkins sought to enforce their agreement. Although an administration of Glenn's estate was pending in Bexar County,[4] Spain and Hopkins filed their petition for constructive trust in Lee County, where the two tracts of land are located. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.011 (West 2002) (providing that an action for recovery of an interest in real property must be brought in the county where the property is located). The trial court imposed a constructive trust in favor of Spain and Hopkins's heirs, and declared how the two tracts of land should be distributed by the estate. This appeal followed.

---

[4] We assume that the administration was still pending at the time suit was filed because Spain and Hopkins named the estate as a defendant and because the trial court made the following finding of fact: "H. Glenn Lovelady died intestate and his estate was administered in Bexar County, Texas. His wife, Joyce Lovelady, was appointed independent administrator of his estate."

**Discussion**

*Constructive Trust*

In her first and second points of error, Joyce argues that the trial court erred by imposing the constructive trust because any agreement between her husband and his sisters was made after both tracts had been acquired. We agree.

A constructive trust is an equitable remedy. *Burrow v. Arce*, 997 S.W.2d 229, 241 (Tex. 1999). We review a trial court's decision when sitting as a court of equity under an abuse-of-discretion standard. *Gerdes v. Kennamer*, 155 S.W.3d 541, 545 (Tex. App.—Corpus Christi 2004, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

A constructive trust cannot be created on land already owned. *Stovall v. Poole*, 382 S.W.2d 783, 785 (Tex. Civ. App.—Waco 1964, writ ref'd n.r.e.); *see Lotus Oil Co. v. Spires*, 240 S.W.2d 357, 359 (Tex. Civ. App.—El Paso 1950, writ ref'd n.r.e.) ("A constructive trust arises when one *acquires property with the funds of another* under such circumstances that equity and good conscience require that restitution be made by the one so wrongfully acquiring the property with the funds of another hence he is considered to hold the legal title for the one *whose property has been so wrongfully used in its acquisition*.") (emphasis added). Appellees have not cited and we have not found any case in which the wrongful act triggering the imposition of a constructive trust occurred *after* the constructive trustee had acquired title to the property.

A constructive trust is an equitable remedy designed to prevent unjust enrichment. *Arce*, 997 S.W.2d at 241. Here, Glenn's estate and his heirs would not be unjustly enriched by

4

keeping the two tracts of property because Glenn, individually and jointly with his wife Joyce, paid the full purchase price for both tracts before the alleged agreement occurred in 1995.

Further, a party seeking to impose a constructive trust must trace the funds at issue into the specific property sought to be recovered. *Flournoy v. Wilz*, No. 10-05-00089-CV, 2006 Tex. App. LEXIS 6197, * 4 (Tex. App.—Waco July 19, 2006, pet. filed); *Graham v. Turner*, 472 S.W.2d 831, 840 (Tex. Civ. App.—Waco 1971, no writ) (citing *Spencer v. Pettit*, 34 S.W.2d 798, 800 (Tex. 1931)). The sisters did not trace their money into this specific property. Instead, they paid some amount on some debt in exchange for their brother's promise that they would have a place to live on the farm. They may or may not be entitled to reimbursement of the sum of money they paid, but equity will not grant them title to the two tracts under these circumstances.[5]

Because both tracts of land were paid for, free and clear of all encumbrances, at the time of the alleged agreement between Glenn and his two sisters, we hold that the trial court abused its discretion by imposing a constructive trust in favor of Spain and Hopkins on the two tracts. We sustain Joyce's first and second points of error.

### *Distribution of the Estate*

Joyce has requested that this Court correct the district court's improper declaration of how the two tracts should be distributed from the probate estate. Indeed, the district court lacked jurisdiction to declare a distribution of the tracts because the independent administration of Glenn's

---

[5] However, counsel for Spain and Hopkins clearly stated in his opening statement that Spain and Hopkins "really want land. They consider this to be family land in Lee County and it's very important to them. The money is a secondary situation."

estate was still pending in Bexar County. *Bailey v. Cherokee County Appraisal Dist.*, 862 S.W.2d 581, 585–86 (Tex. 1993). The probate court is the proper forum for adjudicating the distribution of estate assets because, unlike this Court, the probate court has all the information necessary to make a distribution, including the identities of Glenn's heirs, the existence and extent of creditor's claims, and the existence of any homestead claims. Subject to these and other considerations, Glenn's interest in the nine-acre tract held as community property would pass to his widow, *see* Tex. Prob. Code Ann. § 45 (West 2003), and the fifty-acre tract held as Glenn's separate property would pass one-half to Joyce and one-half to Glenn's heirs as tenants in common. *See id.* § 38(b)(2) (West 2003). The probate court must determine the correct distribution to Glenn's heirs in light of this Court's ruling reversing the imposition of a constructive trust.[6]

### Equitable Reimbursement

In her third point of error, Joyce argues that the trial court erred by not ordering Hopkins and Spain to reimburse the community estate of Glenn and Joyce for the expenditure of community funds on the fifty-acre tract held as Glenn's separate property. In the event that Joyce has a cognizable claim for equitable reimbursement, the claim lies against Glenn's probate estate, not against Spain and Hopkins individually. *See, e.g.*, *Penick v. Penick*, 783 S.W.2d 194, 196 (Tex. 1988) (holding that "the payment by one marital estate of the debt of another creates a prima facie right of reimbursement"). Any such claim must be brought in the probate court. The district

---

[6] The district court incorrectly attempted to limit the distribution of the tracts of land to the parties that were before it. The probate code, which governs the distribution of such property, contains no such limitation. Tex. Prob. Code Ann. § 38 (West 2003).

court lacked jurisdiction to consider this claim. *See Bailey*, 862 S.W.2d at 585–86 (holding that if there is an ongoing administration of an estate in probate court, that court alone has jurisdiction over matters incident to the estate). We overrule Joyce's third point of error.

## Conclusion

We reverse the trial court's imposition of a constructive trust on the two tracts of land and render judgment that Spain and Hopkins take nothing on their claim. We further hold that the district court lacked jurisdiction to compel any distribution or reimbursement from the probate estate.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Reversed and Rendered

Filed:   December 1, 2006

7